(68 App. Div. 86.)

### LARKIN v. WATSON WAGON CO.

(Supreme Court, Appellate Division, First Department.   January 17, 1902.)

1. TRIAL—CHANGE OF VENUE—NECESSITY FOR SERVICE OF DEMAND WITH ANSWER.
    Under Code Civ. Proc. § 987, subd. 3, providing that the court may change the place of trial where the convenience of witnesses and the ends of justice will be promoted by the change, a change of venue for the convenience of the witnesses was improperly refused for a failure to serve a demand therefor prior to or with the service of the answer, since such demand is not required where the change is not demanded as a matter of right.

2. APPEAL—REMITTING MOTION TO BE HEARD ON ITS MERITS.
    Where the trial court erroneously denied a motion for change of venue on a question of practice, and did not pass on the merits, the appellate division will not grant the motion, but will remit the same, to be heard on its merits.

Appeal from special term, New York county.

Action by John Edwards Larkin against the Watson Wagon Company. From an order denying a change of venue, the defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, IN-GRAHAM, and LAUGHLIN, JJ.

William O'Gantz, for appellant.

Montague Lessler, for respondent.

McLAUGHLIN, J. This action was brought to recover a sum alleged to be due the plaintiff for the purchase price of a quantity of lumber sold by the plaintiff's assignor to the defendant, a domestic corporation having its office and principal place of business at Canastota, in the county of Madison, this state. Where the plaintiff resides does not appear. The venue of the action was laid in the county of New York. After issue had been joined, the defendant moved to change the place of trial to the county of Madison, for the convenience of witnesses.

From the moving papers it appeared that several witnesses were necessary to establish the defense set up in the defendant's answer, all of whom, from the allegations contained in such papers, resided in the county of Madison, which allegations were not denied by the plaintiff, nor did he claim that there was a witness outside of the county of Madison necessary to establish either the cause of action alleged in the complaint or the defense set up in the answer. Nevertheless, the motion was denied, as appears from the order appealed from, upon the ground that the defendant had neglected "to serve a demand to change the place of trial with or before service of the answer." No such demand was necessary. The motion was made under subdivision 3 of section 987 of the Code of Civil Procedure, and when a motion is made under this section it is not necessary to make a demand prior to the making of the motion. A demand is only necessary when the defendant demands that the place of trial be changed as a matter of right, and not as a matter of discretion.

Here the cause of action arose in the county of Madison, where one of the parties and every witness, so far as appears, reside. Under such circumstances, it would seem as if the motion should have been granted. But the court did not pass upon the merits of the motion. Its decision was based upon the fact that a demand to have the place of trial changed had not been served prior to or with the answer. This was error, and necessitates a reversal of the order, but, inasmuch as the court did not pass upon the merits, we think, instead of granting the motion, the same should be remitted to the special term, in order that the merits may be passed upon.

Order reversed, with $10 costs and disbursements, and the motion remitted to the special term. All concur.