Clara Viertels, Respondent, v. New York, Ontario and Western Railway Company, Appellant.

First Department, March 8, 1918.

**Trial — change of place of trial for convenience of witnesses — necessity for service of demand.**

A motion to change the place of trial from Bronx county to Sullivan county in an action against a railroad company, to recover for personal injuries sustained by the plaintiff, a passenger, at a station in the latter county, should be denied where the defendant claims to have in addition to its own employees, sixteen witnesses, residents of the place of the accident, whom it intends to call to prove the condition of the ground at the time and place where the plaintiff fell, but not one of these is claimed to have seen the accident, and it appears that the plaintiff will necessarily call two physicians who have treated her, one eye-witness to the accident, and a surveyor, all of whom live in or near the city of New York, and that the expense and inconvenience to the witnesses of the railroad company of a trial in Bronx county will be much less than that entailed upon the plaintiff by a trial in Sullivan county.

The service of a demand to change a place of trial on the ground of convenience of witnesses is not necessary.

Appeal by the defendant, New York, Ontario and Western Railway Company, from an order of the Supreme Court,

made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 8th day of January, 1918, denying defendant's motion to change the place of trial from Bronx county to Sullivan county on the ground of the convenience of witnesses.

*Joseph Rosch* of counsel [*Carpenter & Rosch,* attorneys], for the appellant.

*Henry Waldman,* for the respondent.

PAGE, J.:

The action was brought to recover for personal injuries alleged to have been sustained by the plaintiff, a passenger on defendant's railroad, in alighting from a train at the station in Parksville.   At the place where plaintiff was required to leave the train there was no platform; the ground was rough and uneven and some distance below the step of the car.   Plaintiff fell and sustained a fracture of the leg.   The defendant claims to have, in addition to its own employees, sixteen witnesses, residents of Parksville, whom it claims it intends to call to prove the condition of the ground at the time and place where the plaintiff fell.   Not one of these is claimed to have seen the accident.   It is very clear that it will not be necessary to call such a number of witnesses to prove this condition, and it· is doubtful if they would be permitted to do so.   They seem more necessary for this motion than for the trial.   The plaintiff will necessarily call two physicians who have treated her, one eye-witness to the accident, and a surveyor, all of whom live in or near New York city.   It would be a great inconvenience and expense for these witnesses to be compelled to go to Sullivan county, while the trains and ferries of the defendant land passengers in the city of New York, and as most of its material witnesses are its own employees, the expense and inconvenience to them of a trial here will be much less than that entailed upon the plaintiff by a trial in Sullivan county.   One of the grounds assigned by the learned justice at Special Term for the denial of the motion was that there had been no demand to change the place of trial served.   The service of such a demand was not necessary.   (*Larkin* v. *Watson Wagon Co.,* 68 App. Div.

86.)    In the case of *Wald* v. *Persky* (179 App. Div. 893) cited
by the learned justice as an authority upon this point, a like
error was made by the justice at Special Term.    In that
case, as in this, the motion was properly denied on the ground
that the convenience of witnesses was not subserved by the
change.    Our affirmance was without opinion.    Thereby, we
adopted the result of the Special Term, but not the reasoning
of the justice by which he arrived at the result.

The order is affirmed, with ten dollars costs and
disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ.,
concurred.

Order affirmed, with ten dollars costs and disbursements.