SAAL PRODUCTS SALES, INC., Respondent, *v.* SCHATZ MANUFACTURING COMPANY, Appellant.

First Department, April 30, 1926.

**Trial — place of trial — change on ground of convenience of witnesses under Civil Practice Act, § 187, subd. 3 — not necessary that demand be served with or before answer under Rules of Civil Practice, rule 146.**

Where a change of the place of trial is sought under subdivision 3 of section 187 of the Civil Practice Act on the ground of convenience of witnesses, it is no defense to the motion that the demand therefor was not served with or before the service of the answer as provided by rule 146 of the Rules of Civil Practice.

APPEAL by the defendant, Schatz Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of February, 1926, denying defendant's

motion to change the place of trial from the county of New York to the county of Dutchess for the convenience of witnesses.

*George Worrall*, for the appellant.

*Spector & Flatow* [*Edward Spector* of counsel], for the respondent.

MARTIN, J.   This action was brought to recover the contract price of 10,000 steel balls sold to defendant.

The answer admits the sale, the contract price and delivery; but, as a defense, alleges that 3,035 of the steel balls were defective and were returned to the plaintiff, and also sets up a counterclaim for the price paid for defective steel balls returned from a former order as well as a counterclaim for damages due to an alleged breach of contract to furnish 50,000 steel balls of which only 18,617 were furnished.

The appellant served with its notice of motion affidavits showing that the contracts were made and the goods were delivered and examined in Dutchess county; that the defendant, appellant, has seven witnesses whose testimony will be material and necessary in the defense of the action and to establish the affirmative defense and counterclaim; and that they resided at or near the city of Poughkeepsie, Dutchess county.   There are also averments indicating what each of them may be expected to testify.

The plaintiff's answering affidavit refers by name to only one witness, who is the president of the plaintiff, and does not give his residence.   It does not give the names and residences of any of six or seven witnesses whom, as it is averred, it " will probably be necessary for the plaintiff to subpoena; " and it does not show as to what they would testify or that their testimony would be necessary and material to establish the cause of action or a defense to the counterclaim.

The motion was denied on the sole ground that a demand to change venue was not served with the answer as provided by rule 146, citing the case of *Hudson County Consumer's Brewing Co.* v. *Odell* (190 App. Div. 866).   It was also held that rule 146 of the Rules of Civil Practice applied to a motion to change venue for convenience of witnesses unless there be a showing that the circumstances upon which the change is demanded arose after issue joined.

The appellant contends that its motion comes under section 187, subdivision 3, of the Civil Practice Act, to change the venue of the action for the convenience of witnesses, and that a demand need not have been served with or before the service of the answer.

The court at Special Term erroneously held that a demand must

be served with or before the answer where the change of venue is sought because of the convenience of material witnesses or to promote the ends of justice. We do not consider the case cited as authority for that proposition. There the change of venue was demanded as a matter of right. (See *Larkin* v. *Watson Wagon Co.,* 68 App. Div. 86; *Viertels* v. *N. Y., O. & W. R. Co.,* 182 id. 92.)

The order should be reversed, with ten dollars costs and disbursements, and the motion to change the venue to Dutchess county granted, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.