Benjamin Brenner, J.
Defendant Randall Cadillac Corp. moves for a change of venue from Kings County to Nassau County pursuant to sections 182 and 187 of the Civil Practice Act. Defendant General Motors Corporation moves on the same ground and on the further ground of convenience of material witnesses.
The action is one brought to set aside a release for fraud and for an affirmative judgment to recover damages for the breach of an employment contract and for alleged activities which prevented plaintiff’s further employment.
Plaintiff admits residence in Nassau County but urges that Kings County is the proper forum because defendant Randall Cadillac Corp. had its principal office in Kings County at the commencement of action. The latter defendant asserts that it was dissolved in November of 1954 and that the three liquidating trustees all resided and still reside in Nassau County and that therefore none of the parties resided in Kings County when the action was commenced. For the purposes of this action the corporation as an entity is the party thereto and not the liquidating trustees and since it is undisputed that the principal place of business of such corporate defendant was in the county of Kings the action was properly brought in that county pursuant to section 182 of the Civil Practice Act.
Concededly, neither of the defendants served a demand for a change of venue pursuant to rule 146 of the Rules of Civil Practice. They seek to justify their failure to make such timely demand upon the fact that the summons served did not specify plaintiff’s residence as required by rule 45 of the Rules of Civil *596 Practice. The moving defendants also claim they were unaware of plaintiff’s residence until recently, which latter claim is challenged by the plaintiff. But in view of defendant’s factual residence in Kings County it is not necessary to determine that issue. Assuming arguendo that the failure to make timely demand was not justified, such omission merely further deprived the defendants of a change of venue as a matter of right. The court is nonetheless free to grant the relief sought as a matter of discretion. (Reichenbach v. Corn Exch. Bank Trust Co., 249 App. Div. 539.) Incidentally, rule 146 has no application to a motion to change the venue based on the convenience of witnesses (Cohen v. Ring, 186 Misc. 122) and no demand for change upon such ground is necessary. (Saal Products Sales v. Schatz Mfg. Co., 216 App. Div. 544. See Tripp’s Guide to Motion Practice, § 23, p. 56.)
Upon a motion for a change of venue on the ground of convenience of witnesses, the moving papers must be ample to demonstrate that convenience and include the following information: (a) an affidavit of merits; (b) the names, addresses and occupations of the witnesses demonstrating that the county where the trial is desired would serve their convenience (Sanders v. Prescott, 234 App. Div. 899); (c) the party must show that he has fully and fairly stated to his counsel what he expects to prove by these named witnesses and has been advised by him that such witnesses are necessary and material on the trial, as he himself verily believes; (d) the affidavits must disclose the substance of the testimony which the proposed witnesses will give at the trial and show how it is material. (See Tripp’s Guide to Motion Practice, § 23, p. 55, and cases therein cited.)
The moving papers of the defendant General Motors Corporation reveal the relevancy and materiality of the testimony of its three named witnesses, all of whom reside in Nassau County and that in all other respects the requirements set forth above have been complied with. On the other hand, plaintiff’s opposing affidavits fail to meet such requirements and do not make a similar showing on his behalf. Plaintiff merely sets forth generalities which are insufficient and which do not specify the facts to which the witnesses will testify to enable the court to determine the materiality and necessity therefor. (Kramer v. Harder Mfg. Corp., 218 App. Div. 745.)
Accordingly, in the exercise of discretion the motion for change of venue to Nassau County is granted (Civ. Prac. Act, § 187, subd. 3). Settle order on notice.
*597 (On reargument, April 11, 1956.)
Motion for reargument granted and upon such reargument the original determination is adhered to. In granting the motion originally, the court was under no misapprehension of the facts and the law applicable thereto. There is no merit to the contention of the plaintiff that in opposing defendants’ motion for change of venue on the ground of convenience of witneses “ no burden whatsoever was imposed upon him ” to meet the requirements set forth in the cases and authority cited in my prior opinion. On the contrary, in Kramer v. Harder Mfg. Corp. (218 App. Div. 745) cited by me, the court specifically states in this respect: ‘ ‘ These are not only essential elements in an affidavit on which to base a motion for a change of the place of trial, but they are also necessary in the affidavits opposing such a motion ” (citing cases).
Submit order.