THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EARL ARCHIE, Defendant.

Supreme Court, Special Term, Erie County, November 3, 1966.

*Benjamin Galperin* for defendant. *Louis J. Lefkowitz, Attorney-General* (*Harold F. Lee* of counsel), for plaintiff.

HAROLD P. KELLY, J. The defendant moves for a change of venue of this action from Albany County to Niagara County, upon the ground that the county designated is not the proper county and on the further ground that the convenience of material witnesses and the ends of justice will be promoted by the change.

The defendant served a demand under CPLR 511 and the plaintiff did not file an answering affidavit as provided in said rule. The defendant then brought the present motion.

The first problem to be determined is whether or not the Special Term of Erie County is a proper county to hear this motion. In other words, this court must first determine what the proper venue of this motion is as distinguished from a determination of the proper venue of the action.

In a Supreme Court action, CPLR 2212 provides that a motion on notice shall be noticed to be heard in the judicial district where the action is triable, or in a county adjoining the county where the action is triable.

CPLR 511 (subd. [b]) sets forth the procedure followed by the defendant in the present case and it provides that where the plaintiff fails to serve an affidavit showing either that the county specified by the defendant is not proper or that the county designated by the plaintiff is proper, then the defendant may notice the motion to be heard as if the action were pending in the county the defendant specifies. But, this provision of CPLR 511 (subd. [b]) as to designating the place of the motions only applies to motions for a change of venue on the grounds that the county designated in the complaint is not a proper one and does not apply when the motion for change of venue is upon either of the other two grounds contained in CPLR 510. (2 Carmody-Wait, New York Practice 2d, § 8:23.) So, where the motion is founded upon more than one of the permitted grounds under CPLR 510, and one of these grounds is that the designated county is not the proper one and the other ground is either the convenience of witnesses or unable to obtain an impartial trial, the court in the new and otherwise improper county under CPLR 2212 (subd. [a]) would be permitted to consider only that part of the motion based on the ground that the county designated is not the proper county and the court should deny that part of the motion being made on the other grounds, but without prejudice to the motion being remade in the proper county. (*Nevelson* v. *Piesner*, 272 App. Div. 555; 2 Carmody-Wait, New York Practice 2d, § 8:23.)

Where the State brings an action or proceeding and no specific place for the trial or hearing is specified by statute, the Attorney-General can designate any county in the State for such trial or hearing.

Applying the above to the facts in the instant case, it appears that this court has jurisdiction to determine that part of the motion for a change of venue based on the ground that the county designated is not a proper county, but the court finds that Albany County is a proper county for the Attorney-General to designate for trial of this action. In respect to that part of defendant's motion to change the venue for the convenience of material witnesses and that the ends of justice will be promoted by the change, this court denies that part of the motion with leave to remake that part of the motion in a proper county.

In conclusion, it should be noted that plaintiff cites various sections of the Labor Law that set up the procedure for the

determination of claims against the defendant such as are involved in the present suit. In addition, these sections of the Labor Law require a party to exhaust his administrative remedies and if he fails to do so, the decision of the Industrial Commissioner is final on all questions of law and fact. In view of these sections it would appear that the defendant has failed to show " merit " to his defense. The showing of " merit " is one of the facts that must be done by affidavit in order to obtain a change of venue for the convenience of material witnesses. (*Searing* v. *Randall Cadillac Corp.*, 3 Misc 2d 594, 596; *Liebowitz* v. *Hudson Tr. Corp.*, 59 N. Y. S. 2d 313.)