■ JUNIOR HAYNES, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County (Buschmann, J.), dated September 13, 1982, which (1) granted the motion of defendant New York City Transit Authority to vacate its default, (2) vacated a prior order of the same court, dated January 11, 1982, which, *inter alia,* granted plaintiff leave to serve a late notice of claim on the New York City Transit Authority and (3) denied plaintiff's motion to serve said late notice of claim. Order reversed, on the law and the facts, without costs or disbursements, and defendant New York City Transit Authority's motion to vacate its default denied. On July 29, 1980 plaintiff was shot by a transit police officer, who was also shot, in a gun battle. Plaintiff was indicted for the attempted murder of the officer, but, after a jury trial, was acquitted of all charges. Despite the fact that plaintiff was hospitalized until October, 1980, he was well enough to appear in court in December, 1980. Plaintiff moved, on October 27, 1981, by order to show cause, for leave to serve a late notice of claim on the defendant New York City Transit Authority (hereinafter defendant) and the City of New York, exactly one year and 90 days after the shooting occurred. Annexed to the motion, which was returnable on November 13, 1981, were a summons and complaint and copies of hospital reports detailing plaintiff's injuries and treatment. The City of New York submitted an affidavit in opposition to plaintiff's motion. However, defendant defaulted. Special Term (Kunzeman, J.), by order dated January 11, 1982, denied plaintiff's motion as to the city, but granted it as to defendant. Shortly thereafter, plaintiff amended his complaint so that the *ad damnum* clause requested $10,000,000 rather than $10,000. About one month later, defendant moved to vacate its default or, in the alternative, to limit plaintiff's potential recovery to $10,000. Defendant claimed that its default was inadvertent in that it had put in a "slip" to adjourn plaintiff's motion, but nothing was ever submitted by its answering service. It also claimed that it did not promptly move to vacate the default because of plaintiff's original modest *ad damnum* clause, which, it claimed, plaintiff used to mislead it and induce it into defaulting. Special Term (Buschmann, J.), by order dated September 13, 1982, granted defendant's motion as the default was short in duration and not prejudicial, and defendant had a meritorious defense. It vacated the prior order and denied plaintiff's motion to serve a late notice of claim against defendant because plaintiff lacked a sufficient excuse for being a year late in serving his notice. Plaintiff appeals from this determination. Defendant has failed to show a justifiable excuse for its default. It made no attempt to extend its time to answer plaintiff's motion before Special Term granted it and did not move to vacate its default for over a month after the order was entered. It makes no difference whether or not defendant had a meritorious defense. Under the circumstances, defendant's default cannot be vacated. Plaintiff's amended *ad damnum* clause has no bearing on defendant's default. Absent prejudice to the defendant, a plaintiff may amend an *ad damnum* clause at any time during an action. The mere exposure of tne defendant to greater liability is not considered prejudicial (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.