■ JUNIOR HAYNES, Appellant, v CITY OF NEW YORK et al., Respondents. — By order dated September 29, 1983, this court granted a motion by defendant New York City Transit Authority insofar as it requested reargument of an appeal which resulted in a decision and order of this court, both dated June 13, 1983, reversing an order of the Supreme Court, Queens County (Buschmann, J.), dated September 13, 1982. The order reversed had, *inter alia,* granted the Transit Authority's motion to vacate its default. This court reversed the order, on the law and the facts, and denied the Transit Authority's motion to vacate its default (*Haynes v City of New York,* 95 AD2d 799). Effective June 21, 1983, CPLR 2005 was enacted to permit a court, in its discretion, to excuse delay or default resulting from law office failure (see L 1983, ch 318). Upon reargument, we now hold that pursuant to said statute the Transit Authority's default should be vacated in the exercise of discretion. Consequently, the order and decision of this court, both dated June 13, 1983 are recalled and vacated, and the following decision is substituted in their stead. ¶ In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County (Buschmann, J.), dated September 13, 1982, which (1) granted the motion of defendant New York City Transit Authority to vacate its default, (2) vacated a prior order of the same court, dated January 11, 1982, which, *inter alia,* granted plaintiff leave to serve a late notice of claim on the New York City Transit Authority and (3) denied plaintiff's motion to serve said late notice of claim. ¶ Order modified, as a matter of discretion, by deleting therefrom the provision denying plaintiff's motion for leave to serve a late notice of claim, and said motion granted. As so modified, order affirmed, without costs or disbursements. Plaintiff's time to serve the late notice of claim is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. ¶ On July 29, 1980, plaintiff was shot by a transit police officer, who was also shot, in a gun battle. Plaintiff was indicted for the attempted murder of the officer, but, after a jury trial, was acquitted of all charges. As a result of the gun battle, plaintiff sustained serious injuries of the abdomen, stomach, liver and pancreas. He was hospitalized until October, 1980, after which he received continual outpatient care. In June of 1981 he tried to digest solid food and had to return to the hospital because of stomach problems that developed. As of October, 1981, it is claimed that he still could not digest solid food. Apparently, plaintiff was well enough to appear in Criminal Court in December, 1980. ¶ Plaintiff moved, on October 27, 1981, by order to show cause, for leave to serve a late notice of claim on the defendant New York City Transit Authority (hereinafter defendant) and the City of New York, exactly one year and 90 days after the shooting occurred. Annexed to the motion, which was returnable on November 13, 1981, were a summons and complaint and copies of hospital reports detailing plaintiff's injuries and treatment. The City of New York submitted an affidavit in opposition to plaintiff's motion. However, defendant defaulted. Special Term (Kunzeman, J.), by order dated January 11, 1982, denied plaintiff's motion as to the city, but granted it as to defendant. ¶ In March of 1982, defendant moved, *inter alia,* to vacate its default. Special Term (Buschmann, J.), by order dated September 13, 1982, granted defendant's motion as

the default was short in duration and not prejudicial, and defendant had a meritorious defense. It vacated the order dated January 11, 1982 and denied plaintiff's motion to serve a late notice of claim against defendant because plaintiff lacked a sufficient excuse for being a year late in serving his notice. Plaintiff appeals from this determination. ¶ Because of the remedial nature of CPLR 2005 the defendant's default should be vacated in the exercise of discretion and its opposition to plaintiff's application should be heard. Notwithstanding the defendant's opposition to the application, plaintiff's motion for leave to serve a late notice of claim against the defendant should be granted. Plaintiff was hospitalized for approximately the first 70 days of the 90-day statutory period. It is a fair inference that following his hospital stay he suffered some degree of disability. It is quite likely that during the greater part of plaintiff's delay in serving his notice of claim, he was more concerned with his health and defending the criminal charges against him, than with commencing a lawsuit against defendant within the abbreviated statutory time period (*Matter of Bensen v Town of Islip,* 99 AD2d 755). ¶ Of course, it was not impossible for plaintiff to have served a notice of claim within the 90-day period. And considering the fact that he made court appearances in December of 1980, it is probable that he was not physically incapacitated from moving at that time for leave to serve a late notice of claim. While plaintiff's delay might have been reason in and of itself to deny leave before section 50-e of the General Municipal Law was amended in 1976, the law has been liberalized to the point where a claimant's delay is only one of the "relevant facts and circumstances" to be considered by the court in making its determination (General Municipal Law, § 50-e, subd 5). Other elements to be considered are whether the public corporation had actual notice of the incident within 90 days after the claim accrued or within a reasonable time thereafter, and whether it was substantially prejudiced in maintaining its defense on the merits (General Municipal Law, § 50-e, subd 5; *Heiman v City of New York,* 85 AD2d 25; *Matter of Somma v City of New York,* 81 AD2d 889). ¶ In the instant case, defendant has not alleged that it has been prejudiced in maintaining a defense. Moreover, since one of its officers shot plaintiff, defendant obviously had actual notice of the incident complained of on the very day it happened. Plaintiff's application to serve a late notice of claim was timely since it was made within the time for the commencement of an action against the defendant (see *Pierson v City of New York,* 56 NY2d 950). Under these circumstances, we conclude that the application should be granted (see *Ansaldo v City of New York,* 92 AD2d 557; *Matter of Somma v City of New York, supra; Heiman v City of New York, supra*). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.