■ In the Matter of KEISHA GARCIA, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [600 NYS2d 730] —In a proceeding, *inter alia,* pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from so much of an order of the Supreme Court, Queens County (Graci, J.), dated April 4, 1991, as granted the petitioner leave to serve a late notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

General Municipal Law § 50-e (5) allows courts to consider all relevant factors and to exercise considerable discretion in determining whether to permit service of a late notice of claim *(see, Matter of Reisse v County of Nassau,* 141 AD2d 649). After reviewing the circumstances underlying the petitioner's application, we conclude that the court properly exercised its discretion in granting her leave to serve a late notice of claim. The record establishes that on the date of the incident the New York City Housing Authority (hereinafter

the Housing Authority) had knowledge of the facts underlying the claim. Its employees were the subject of an investigation of the event that forms the basis of the petitioner's allegations *(see, e.g., Haynes v City of New York,* 100 AD2d 572). Moreover, the Housing Authority has not shown that it would be prejudiced by the late service of the petitioner's notice of claim. Thompson, J. P., Rosenblatt, Miller and Santucci, JJ., concur.