■ FABIOLA CHIMIRRI, Respondent, v EVERGREEN AMERICA CORPORATION, Appellant, et al., Defendant. [621 NYS2d 694] —In an action to recover damages for personal injuries, the defendant Evergreen America Corporation appeals from (1) an order of the Supreme Court, Queens County (Leviss, J.), entered June 9, 1993, which denied its motion for a change of venue based upon the convenience of nonparty witnesses, and (2) an order of the same court, dated September 20, 1993, which denied its motion for reargument.

Ordered that the appeal from the order dated September 20, 1993, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 9, 1993, is reversed, as a matter of discretion, the motion is granted, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Broome County, all the papers filed in the action and certified copies of all minutes and entries *(see, CPLR 511 [d]); and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court improvidently exercised its discretion by failing to grant the appellant's motion to change venue from Queens County to Broome County in light of the appellant's showing that the convenience of nonparty witnesses would in fact be served by the granting of such relief. The appellant submitted an attorney's affirmation in support of the motion which contained (1) the names, addresses, and occupations of the prospective witnesses, several of whom are local Binghamton police officers, (2) the facts to which the witnesses will testify at the trial, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if venue were not changed (see, O'Brien v Vassar Bros. Hosp., 207 AD2d 169; Bolling v Metropolitan Suburban Bus Auth., 205 AD2d 724; Gray v Good, 203 AD2d 422). The convenience of State and local government officials is of paramount importance because they should not be kept from their duties unnecessarily (see, McComb v Hilton Hgts. Apts., 43 AD2d 972).

Considering all of the relevant factors above, and because the appellant submitted a sufficient factual affirmation, the facts of this case require that venue be changed to Broome County, where there is a preponderance of witnesses, and where the convenience of those witnesses would be best served (cf., O'Brien v Vassar Bros. Hosp., supra). Miller, J. P., O'Brien, Thompson, Santucci and Joy, JJ., concur.