■ EVELYN MONTOYA et al., Respondents, v PAUL H. BROWN et al., Appellants. [650 NYS2d 582] —In an action to recover damages for, *inter alia,* personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Dye, J.), dated November 20, 1995, which denied their motion to change venue from Queens County to Nassau County.

Ordered that the order is affirmed, with costs.

The branch of the defendants' motion to change venue based on the contention that the county designated was not a proper one (CPLR 510 [1]) was untimely since no demand to change venue was served with the answer or before the answer had been served (*see,* CPLR 511 [a], [b]; *Newman v Physicians' Reciprocal Insurers,* 204 AD2d 210). While in certain limited circumstances a court confronted with an untimely motion for a change of venue may exercise its discretion to grant the motion (*see, Newman v Physicians' Reciprocal Insurers, supra),* the defendants in this case did not present an adequate basis to support such an exercise of discretion.

The branch of the defendants' motion to change venue based on CPLR 510 (3), which permits a change of venue where the convenience of material witnesses and the ends of justice will be promoted by such a change, was also properly denied. The defendants' submission was insufficient to support an exercise of the court's discretion to change venue on that ground (*see, O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.