■ PROFESSIONAL VEHICLE LEASING, LTD., Respondent, v CONTINUING DEVELOPMENTAL SERVICES, INC., Defendant and Third-Party Plaintiff-Respondent. ALAN R. FELDSTEIN, Third-Party Defendant-Appellant. [712 NYS2d 563] —In a consolidated action, *inter alia,* to recover damages for breach of certain lease agreements, the third-party defendant appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 12, 1999, which denied his motion to change the venue of the action from the Supreme Court, Nassau County, to the Supreme Court, Monroe County.

Ordered that the order is reversed, with costs, the motion is granted, and the Clerk of the Supreme Court, Nassau County, is directed to deliver to the Clerk of the Supreme Court, Monroe County, all the papers filed in the action and certified copies of all minutes and entries (*see,* CPLR 511 [d]).

The Supreme Court improvidently exercised its discretion in

denying the motion of the third-party defendant to change the venue of the action from Nassau County to Monroe County, in light of his showing that the convenience of nonparty witnesses would be served by granting that relief. The third-party defendant submitted an affirmation in support of the motion which contained (1) the names, addresses, and occupations of two prospective witnesses, one of whom is a senior investigator with the New York State Division of Police, (2) the facts to which the witnesses will testify at trial, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed (*see, Chimirri v Evergreen Am. Corp.,* 211 AD2d 743; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169). The convenience of State officials is of paramount importance because they should not be kept from their duties unnecessarily (*see, Chimirri v Evergreen Am. Corp., supra*). In addition, in his affirmation the third-party defendant made an offer of proof regarding the expected testimony of several other witnesses, who all reside in Monroe County, who he did not interview on the advice of counsel. In opposition to the motion the plaintiff failed to offer any proof that the action was in any way connected to Nassau County or that there were any independent witnesses who would be inconvenienced if the action was transferred to Monroe County.

Considering all of the relevant factors, the Supreme Court improvidently exercised its discretion in denying the motion to change venue to Monroe County, where there is a preponderance of witnesses, and where the convenience of those witnesses would be best served (*see, Chimirri v Evergreen Am. Corp., supra*, at 744). Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.