■ JAMAL HASMATH, Appellant, v JOSEPH CAMEB, Defendant, and QUEENS DISTRICT ATTORNEY'S OFFICE, Respondent. [773 NYS2d 121]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated December 16, 2002, which denied his motion for leave to renew and reargue his prior motion for leave to serve a late notice of claim upon the defendant Queens District Attorney's Office.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and as a matter of discretion, with costs, that branch of the motion which was for leave to renew is granted, and upon renewal, the motion for leave to serve a late notice of claim is granted.

"It is well settled that a motion for leave to renew must be supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal, and, consequently, not made known to the court" (*Matter of Brooklyn Welding Corp. v Chin*, 236 AD2d 392 [1997]; *see* CPLR 2221; *Foley v Roche*, 68 AD2d 558, 568 [1979]). Although a motion for leave to renew generally should be based on newly-discovered evidence, a court has the discretion to grant the motion upon facts known to the movant at the time of the original motion where the movant offers a reasonable justification for the failure to submit the additional facts on the original motion (*see Bloom v Primus Automotive Fin. Servs.*, 292 AD2d 410 [2002]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the motion which was for leave to renew, as the plaintiff provided a reasonable excuse for his failure to offer the evidence on the original motion.

Upon renewal, the plaintiff's motion for leave to serve a late notice of claim should have been granted. The determination to grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court (*see* General Municipal Law § 50-e [5]; *Matter of Valestil v City of New York*, 295 AD2d 619 [2002]). In making its determination, "[t]he key factors which the Supreme Court must consider are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice

of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense" (*Matter of Valestil v City of New York, supra*; *see* General Municipal Law § 50-e [5]; *Matter of Konstantinides v City of New York*, 278 AD2d 235 [2000]; *Matter of Kittredge v New York City Hous. Auth.*, 275 AD2d 746 [2000]).

Here, the plaintiff proffered evidence that the defendant Queens District Attorney's Office (hereinafter the DA's Office) prepared a vehicular incident evaluation report 34 days after the accident, and a driver's accident report 12 days after the accident. Accordingly, the DA's Office would not be prejudiced by the late service since it obtained actual notice of the essential facts of the claim within 90 days after the claim arose (*see Matter of Continental Ins. Co. v City of Rye*, 257 AD2d 573 [1999]; *Matter of Garcia v New York City Hous. Auth.*, 195 AD2d 557 [1993]). Krausman, J.P., Schmidt, Cozier and Mastro, JJ., concur.