■ Leonora Gangi et al., Appellants, v DaimlerChrysler Corporation et al., Respondents. [788 NYS2d 406]—

In an action, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated April 21, 2004, which granted the motion of the defendants DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation, and the separate motions of the defendants Bay Ridge Chrysler Plymouth Jeep Eagle, Inc., and Buteau Motor Corp. pursuant to CPLR 510 (3), to change the venue of the action from Kings County to Delaware County.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court providently exercised its discretion in granting the defendants' motions pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Delaware County. The papers submitted by the defendants contained (1) the names, addresses, and occupations of the prospective witnesses, (2) the facts to which the witnesses will testify at trial, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed (*see Professional Veh. Leasing v Continuing Dev. Servs.,* 275 AD2d 313, 314 [2000]; *Chimirri v Evergreen Am. Corp.,* 211 AD2d 743, 744 [1995]; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169, 172-173 [1995]). Moreover, contrary to the plaintiffs' contention, the motions were timely, since a motion to change venue can be made at any time before the trial (*see Gennaro v Grossfeld,* 186 AD2d 718 [1992]; *Korman v City of New York,* 89 AD2d 888 [1982]).

The plaintiffs' remaining contentions are without merit. Florio, J.P., Adams, Goldstein, Rivera and Spolzino, JJ., concur.