■ JOYCE LAFFERTY et al., Appellants, v EKLECCO, LLC, Doing Business as PALISADES CENTER MALL, et al., Respondents. [826 NYS2d 617]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Rockland County (Smith, J.), entered September 28, 2005, as granted the defendants' motion pursuant to CPLR 510 and 511 to change the venue of the action from Rockland County to Onondaga County and denied their cross motion pursuant to CPLR 510 (3) to retain venue in Rockland County, and (2) so much of an order of the same court dated October 27, 2005 as denied that branch of their motion which was for leave to renew.

Ordered that the order dated October 27, 2005 is reversed insofar as appealed from, on the law and in the exercise of discretion, that branch of the plaintiffs' motion which was for leave to renew is granted and, upon renewal, the defendants' motion to change venue from Rockland County to Onondaga County is denied, the plaintiffs' cross motion to retain venue in Rockland County is granted, and the order entered September 28, 2005 is vacated; and it is further,

Ordered that the appeal from the order entered September 28, 2005 is dismissed as academic in light of our determination of the appeal from the order dated October 27, 2005; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

It is well settled that a motion for leave to renew must be supported by new or additional facts which, at the time of a prior motion, were not known to the party seeking renewal, and, consequently, not made known to the court (*see* CPLR 2221 [e]; *Hasmath v Cameb*, 5 AD3d 438, 439 [2004]). "However, this requirement is a flexible one and the court, in its discretion, may grant renewal, in the interest of justice, upon facts which were known to the movant where the movant offers a

reasonable justification for failing to submit them on the earlier motion" (*Gomez v Needham Capital Group, Inc.*, 7 AD3d 568, 569 [2004]; *Hasmath v Cameb, supra* at 439; *Bepat v Chandler,* 2 AD3d 764 [2003]). Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew, as they provided a reasonable excuse for their failure to offer the evidence on the original motion and cross motion (*see Gershon v Goldberg*, 30 AD3d 372, 374 [2006]; *Hasmath v Cameb, supra* at 439; CPLR 2221 [e] [3]).

Moreover, upon renewal, the motion to change venue should have been denied, and the cross motion to retain venue in Rockland County based upon "the convenience of material witnesses and the ends of justice" (CPLR 510 [3]) should have been granted. The papers submitted by the plaintiffs contained (1) the names, addresses, and occupations of numerous prospective witnesses, (2) the facts to which the witnesses will testify at trial, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not retained in Rockland County (*see Gangi v DaimlerChrysler Corp.*, 14 AD3d 482 [2005]; *Professional Veh. Leasing v Continuing Dev. Servs.*, 275 AD2d 313 [2000]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172-173 [1995]). Further, the convenience of local government officials, such as police officers, is of paramount importance because they should not be kept from their duties unnecessarily (*see Professional Veh. Leasing v Continuing Dev. Servs., supra* at 314; *Chimirri v Evergreen Am. Corp.*, 211 AD2d 743, 744 [1995]). The convenience of the treating physicians is also a strong factor in favor of retaining venue in Rockland County (*see Mavrakis v Waldbaums, Inc.*, 302 AD2d 501, 502 [2003]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.