■ 25/27 CORP., et al., Respondents, v MORMILE, et al., Appellants. [843 NYS2d 342]—

In an action, inter alia, to recover damages for conversion, unjust enrichment, and breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Suffolk County (Molia, J.), dated October 31, 2006, which denied their motion pursuant to CPLR 510 (3) to change the venue of the action from Suffolk County to Richmond County.

Ordered that the order is affirmed, with costs.

The defendants' motion pursuant to CPLR 510 (3) to change the venue of the action, which was based on the convenience of material witnesses, did not require that the defendants serve a demand to change venue with the answer or before serving the answer (*see Byron v Spektor,* 266 AD2d 253 [1999]; *Montoya v Brown,* 233 AD2d 374 [1996]; *Saal Prods. Sales, Inc. v Schatz Mfg. Co.,* 216 App Div 544, 545-546 [1926]; *cf.* CPLR 511 [a], [b]).

Nonetheless, the defendants' motion to change venue was properly denied. The convenience of the son of the defendant Andrea Mormile must be excluded from consideration in determining the motion (*see Cumberbatch v Gatehouse Motel & Rest.,* 265 AD2d 370 [1999]; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169, 173 [1995]; *cf. Lundgren v Lovejoy, Wasson, Lundgren & Ashton,* 82 AD2d 912 [1981]). Furthermore, the affidavits of Robert Rampulla and Al Risi were insufficient to establish that the defendants were entitled to a change of venue pursuant to CPLR 510 (3). Those witnesses failed to disclose the nature and materiality of their anticipated testimony (*see Shindler v Warf,* 24 AD3d 429, 429-430 [2005]; *Fernandes v Lawrence,* 290 AD2d 412 [2002]; *Romero v Mitchelltown Apts.,* 281 AD2d 612 [2001]). Those witnesses do not claim to know how the defendants disbursed the money after the closings, which goes to the heart of the allegations in this action. Therefore, the defendants failed to demonstrate that they were entitled to a change of venue for the convenience of material witnesses (*see Fernandes v Lawrence,* 290 AD2d at 412; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d at 173). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.