WENDI WALSH, Respondent, v MYSTIC TANK LINES CORPORATION et al., Appellants. [859 NYS2d 233]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated November 27, 2006, as denied that branch of their motion which was pursuant to CPLR 510 (3) and 511 to change the venue of the action from Queens County to Suffolk County, and (2) from so much of an order of the same court dated May 3, 2007, as, in effect, denied their motion for leave to renew that branch of the prior motion.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

This action arose from a fatal multi-vehicle accident which occurred in Suffolk County on June 10, 2005. The plaintiff's decedent was killed in that accident. The plaintiff is a resident of Nassau County, as was the decedent. She designated Queens County as the place of trial, because the principal place of business of the defendant Mystic Tank Lines Corporation was located there. Following joinder of issue, the defendants moved to change the venue of the action from Queens County to Suffolk County based upon, inter alia, CPLR 510 (3) and 511. The Supreme Court denied the motion, and thereafter denied the defendants' subsequent motion for leave to renew.

"The party moving for a change of venue pursuant to CPLR 510 [3] has the burden of demonstrating that the convenience of material witnesses would be better served by the change" (*Rochester Drug Coop., Inc. v Marcott Pharmacy N. Corp.,* 15 AD3d 899 [2005] [internal quotation marks omitted]). In doing so, the moving party must set forth (1) the names, addresses, and occupations of prospective witnesses, (2) the facts to which the witnesses will testify at trial, so that the court may judge whether the proposed evidence of the witness is necessary and material, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed (*see Lafferty v Eklecco, LLC,* 34 AD3d 754, 755 [2006]; *O'Brien v Vassar Bros. Hosp.,* 207 AD2d 169, 172 [1995]).

Here, the defendants identified seven potential nonparty witnesses, contending that their convenience would be served by a change of venue from Queens County to Suffolk County. Each

witness submitted an affidavit which contained his or her name, address, occupation, and county of employment (where applicable). Then, in identical language, each affiant stated that he or she (1) had "personal knowledge of the facts and circumstances" concerning the motor vehicle accident, (2) was willing to testify, and (3) would be "great[ly] inconvenience[d]" if venue remained in Queens County.

The defendants' motion papers were not sufficient to justify a discretionary change in venue. The affidavits by the potential nonparty witnesses failed to disclose the nature of their anticipated testimony. In other words, the affidavits did not contain the basic detail necessary to ascertain whether the affiants would be material witnesses (*see O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172 [1995]; *see also 25/27 Corp. v Mormile*, 43 AD3d 1154 [2007]; *Shindler v Warf*, 24 AD3d 429 [2005]; *Fernandes v Lawrence*, 290 AD2d 412 [2002]; *Romero v Mitchelltown Apts.*, 281 AD2d 612 [2001]).

The defendants also pointed out that the Suffolk County Police Department investigated the accident, and Suffolk County firefighters responded to the scene. Although "the convenience of local government officials, such as police officers, is of paramount importance because they should not be kept from their duties unnecessarily" (*Lafferty v Eklecco, LLC*, 34 AD3d 754, 755 [2006]; *Professional Veh. Leasing v Continuing Dev. Servs.*, 275 AD2d 313, 314 [2000]; *Chimirri v Evergreen Am. Corp.*, 211 AD2d 743, 744 [1995]), the defendants failed to name a single government employee whom they plan to call to testify. The defendants are required to do more than assert the mere existence of these unnamed witnesses in the desired county. They must establish that the witnesses have been contacted and are available to testify, and the nature of their anticipated testimony (*see Weisemann v Davison*, 162 AD2d 448, 448-449 [1990]). Here, the defendants failed to do so (*see also Velasquez v C.F.T., Inc.*, 240 AD2d 178 [1997]; *Moghazeh v Valdes-Rodriguez*, 151 AD2d 428 [1989]). Accordingly, the Supreme Court providently exercised its discretion in denying the motion to change venue of the action from Queens County to Suffolk County.

The Supreme Court providently exercised its discretion in denying the defendants' motion for leave to renew (*see Haffner v Haffner*, 244 AD2d 527 [1997]). Miller, J.P., Dillon, McCarthy and Chambers, JJ., concur.