[887 NYS2d 506]

In the Matter of State of New York, Petitioner, v Richard W. Zimmer, Respondent.

Supreme Court, Oneida County, October 9, 2009

## APPEARANCES OF COUNSEL

*Andrew M. Cuomo*, Attorney General (*Tiffinay M. Rutnik* of counsel), for petitioner. *Mental Hygiene Legal Service* (*Janine E. Frank* of counsel), for respondent.

### OPINION OF THE COURT

JAMES C. TORMEY, J.

A motion was made by the petitioner, State of New York, by the Attorney General's Office and held on June 29, 2009, requesting a change of venue of this matter from the County of Oneida to Supreme Court, Broome County, pursuant to Mental Hygiene Law § 10.08 (e). This motion was heard on August 13, 2009 and present was Tiffinay Rutnick, Esq. from the Attorney General's Office representing the State of New York; and Janine Frank, Esq. from the Mental Hygiene Legal Service representing the respondent. Petitioner previously applied for the same relief in February 2008, and on March 13, 2008 the court ordered a change of venue from Oneida County Supreme Court to Broome County Supreme Court, from which the respondent appealed. The Appellate Division, Fourth Department, issued a memorandum and order finding that the petitioner's February 8, 2009 moving papers lacked specificity and did not rise to give cause to change venue in this case ([appeal No. 2] 63 AD3d 1562 [2009]). Specifically, the appellate court noted that the moving papers contained only an attorney's affirmation which did not identify witnesses. Therefore, the Attorney General's affirmation was deemed to be not specific enough to amount to a good cause for change of venue.

Petitioner now submits an affirmation and affidavits for the court's review alleging good cause pursuant to Mental Hygiene Law § 10.08 (e) to change venue. Petitioner sets forth in its motion and subsequent papers that Mental Hygiene Law § 10.08 (e) states that "the court may change the venue of the trial to

any county for good cause, which may include considerations relating to the convenience of the parties or witnesses" and argues that this standard is a different standard than the standard used in assessing a venue change application in civil proceedings, generally citing CPLR 510 (3), where the movant is required to show "convenience of material witnesses and [that] the ends of justice will be promoted by the change." Petitioner argues that Mental Hygiene Law article 10 created its own statutory scheme for the venue change application, and, therefore, the venue provisions of article 5 of the CPLR are not applicable and, as such, the body of case law regarding such application of article 5 of the CPLR is not applicable. Petitioner further argues that article 10 presumes that the identification of witnesses will not be disclosed to the respondent, his counsel or his expert pursuant to section 10.08 (b) and (d) of the Mental Hygiene Law. Petitioner sets forth that although the convenience of parties is not relevant under the general civil venue standards, the convenience of parties is relevant to change of venue under article 10 of the Mental Hygiene Law pursuant to section 10.08 (e), which specifically states good cause for change of venue may include "considerations relating to the convenience of the parties or witnesses." In this motion, unlike the previous motion, petitioner submitted affidavits of three witnesses who petitioner expects to call at trial and argues that it would be an inconvenience if this matter was venued in Oneida County. Petitioner stated that these witnesses will be relevant to trial to prove the nature of the respondent's underlying crimes and to prove statements that the respondent made about the crimes. Petitioner argues that undue hardship would be caused to the witnesses if they are forced to travel to the Oneida County Courthouse in Utica, New York instead of the Broome County Courthouse located in Binghamton, New York. The Oneida County Courthouse is located 180 miles away from Binghamton, round trip. Petitioner points out that the respondent has minimum ties to Oneida County and that the petition was filed in Oneida County because Mental Hygiene Law § 10.06 (a) requires the Attorney General to file article 10 petitions in the county in which the respondent is located. At the time of the filing, the respondent was incarcerated by the New York State Department of Correctional Services at Midstate Correctional Facility in Oneida County. Other than being the county where respondent served his prison sentence, the respondent has no discernable ties to Oneida County, and Oneida County has no connection to the facts and dispute in this matter.

Respondent, through his counsel, attorney Janine Frank, opposed petitioner's motion to change venue by filing an affirmation in opposition on or about July 23, 2009 which, in form and substance states that this exact issue was subject to an interlocutory appeal to the Appellate Division, Fourth Department, and it issued an order reversing the decision of the court and denied the change of venue. Respondent argues that petitioner's remedy would be to bring the matter before the Court of Appeals under CPLR 5601, which allows for an appeal to the Court of Appeals as of right, or by CPLR 5602, which allows for an appeal by petition to the Appellate Division. Respondent argues that the Appellate Division order of June 5, 2009 falls squarely within the mandate of CPLR 5611, which states that an order of the Appellate Division is deemed final when it disposes of "all" of the issues in the action. Respondent argues that the order of the Appellate Division reversed the March 13, 2008 order on the law and denied the motion, and that nowhere in the order of the Appellate Division was there language which would allow for repleading or the right of petitioner to form some other act to defeat the finality of the order. Respondent also argues that the court lacks jurisdiction to entertain the motion due to collateral estoppel or issue preclusion, arguing that the judgment in one action is conclusive as to the later one, not only to the matters actually litigated therein, but also as to any that might have been so litigated when the two causes of action have such measures of identity that a different judgment in the second would destroy or impugn rights or interests established by the first. Respondent argues that petitioner fails to meet the standards required by Mental Hygiene Law § 10.08 (e) and CPLR 510 (3). Respondent argues that there has been a failure to show good cause due to the convenience of witnesses. Respondent further argues that nothing in the statute would bar the court in Oneida County from hearing the first part of the trial to determine the question of whether or not respondent has a mental abnormality as defined by Mental Hygiene Law § 10.03 (i) and then transferring the matter to Broome County for determination as to whether or not respondent can be placed on strict and intensive supervision in that community. The court rejects this type of bifurcation of these matters at the initial jury trial and placement stage. Respondent argues that the only witnesses put forward at this point are senior parole officers and two retired state troopers who took a confession that was set aside by a higher court applying retroactively the *Rogers*

rule, which sets forth the indelible right to counsel in criminal matters; however, the *Rogers* rule was subsequently overturned by the higher courts and dealt with criminal proceedings.

Petitioner, State of New York, through the Attorney General's Office, counterargues that there is no provision in the law that prevents the petitioner from reapplying to the same court for a venue transfer with additional facts and that the Appellate Division, June 5, 2009 memorandum and order did not preclude the petitioner from bringing a separate application with more evidence. Petitioner is arguing that it is using the guidance of the Appellate Division in providing the court with more requisite details to warrant a venue change as was directed by the Appellate Division decision. Petitioner argues that collateral estoppel does not apply here because this issue has not been litigated in the previous case. Petitioner argues that the law of the case doctrine requires that a lower court follow the appellate court's ruling in this case. Petitioner is not asking this court to disregard an appellate ruling—rather, petitioner is asking the court to apply it to the law of the new facts. Petitioner argues that the law of the case doctrine would require the court to deny petitioner's motion only if petitioner did not submit any new facts, details, specifics or evidence. Petitioner has submitted new information in the form of three affidavits and an attorney's new affirmation to support this application in addition to its original attorney's affidavit. Petitioner argues that the respondent's reliance on the Appellate Division decision, which prohibits this court from deciding this motion, suggests that article 10 of the Mental Hygiene Law only allows petitioner to apply for a venue change one time, and that petitioner must submit all available and relevant information at that time is not supported by the statute. As stated earlier, petitioner is bound by Mental Hygiene Law § 10.08 (d) which prohibits disclosure of the names, identifying information and locations of the respondent's victims to his counsel. Therefore, the petitioner will never be able to present all relevant information in this or any other article 10 venue change motion regardless of how burdensome it will be for rape victims to travel to an inconvenient forum. Petitioner argues that it was significant that legislators opted to include a distinct venue provision in Mental Hygiene Law article 10 instead of relying on CPLR article 5 in existing case authority. Petitioner argues that the language of Mental Hygiene Law § 10.08 (e) is unequivocal and specifically permits

the courts to consider the convenience of parties or witnesses or the condition of the respondent. The petitioner provided affidavits to the court that set forth that the witnesses are relevant to prove the nature of the respondent's underlying crimes and to prove statements respondent made about the crimes. Petitioner contends that the witnesses' testimony will show that respondent suffers from a mental abnormality.

The court has reviewed the affidavits of Jeffrey Jones, Terry Stroh and Dan Johnson which are attached as exhibits C, D and E of the petitioner's motion. Those affidavits have set forth that the parties reside in Broome County and that the witnesses have relevant testimony to offer in this matter. In considering the motion to change venue, the convenience of state and local officials is important because they should not be kept from their duties unnecessarily (see *Chimirri v Evergreen Am. Corp.*, 211 AD2d 743 [2d Dept 1995]; *Professional Veh. Leasing v Continuing Dev. Servs.*, 275 AD2d 313, 314 [2d Dept 2000]; *Kennedy v C.F. Galleria at White Plains*, 2 AD3d 222, 223 [1st Dept 2003] ["convenience of public employees . . . should be given more than ordinary consideration"]; *Lafferty v Eklecco, LLC*, 34 AD3d 754, 755 [2d Dept 2006]). The court must first determine that it has authority to hear a change of venue or any trial or proceeding in this matter. The court finds that Mental Hygiene Law § 10.08 (e) clearly states that in any "hearing or trial pursuant to the provisions of this article, the court may change the venue of the trial to any county for good cause, which may include considerations relating to the convenience of the parties or witnesses or the condition of the respondent." The Appellate Division's decision on the initial venue change did not supplant the ability to apply for a change of venue at any subsequent hearing or trial. The court finds that Mental Hygiene Law § 10.08 (e) has its own statutory language which explicitly creates a different standard than the standard used in accessing venue change applicable in civil proceedings under Civil Practice Law and Rules § 510 (3). Therefore, in this case, as set forth in other cases, this court may review venue at "any trial or hearing" and such change may be by good cause including consideration relating to convenience of parties or witnesses (see *State v Kingsley*, Oneida County, Sept. 30, 2009, Tormey, J.; *State v Michael Thibault*, Greene County, Aug. 7, 2008, Pulver, J.; *State of New York v Mallory*, Dutchess County, June 10, 2008, Pagones, J.). In the case at bar, the Attorney General's Office has shown that hardship would be caused to

Johnson, Stroh and Jones if they were forced to travel to the Oneida County Courthouse in Utica, New York to testify instead of in Broome County, located in the city of Binghamton. The Oneida County Courthouse is over 180 miles round trip from Binghamton. Additionally, there are potential witnesses in the case including victims who neither work nor live in Oneida County. The alleged underlying offense occurred in Broome County. The victims who may testify have not been named herein pursuant to article 10 of the Mental Hygiene Law. Clearly article 10 of the Mental Hygiene Law has its own statutory scheme for venue change application which indicates that the venue provisions of article 5 of the CPLR and the body of case law regarding such are not applicable. Mental Hygiene Law § 10.08 (b) sets forth that the respondent's psychiatric examiner "shall not have access without court order and for good cause shown to the name of, address of, or any other identifying information about the victim or victims"; Mental Hygiene Law § 10.08 (d) sets forth that respondent's counsel "shall not have access to the name of, address of, or any other identifying information about the victim or victims." Therefore, even though the convenience of the parties is not relevant under the Civil Practice Law and Rules for change of venue standards, the convenience of the parties is relevant to change of venue in article 10 as set forth in Mental Hygiene Law § 10.08 (e) which provides for good cause for change of venue which may include "considerations relating to the convenience of the parties or witnesses." Petitioner in this case has set forth that the original petition for civil confinement was filed in Oneida County because Mental Hygiene Law § 10.06 (a) requires the Attorney General to file article 10 petitions in the county in which the respondent is located. At the time of the filing, the respondent was incarcerated in the New York State Department of Correctional Services at Midstate Correctional Facility in Oneida County. From a review of the statute and legislation, it is believed that this provision for filing was for the convenience of the New York State Department of Correctional Services facilities housing respondents who would be transporting subjects for confinement proceedings to court for the initial probable cause hearings, which generally are limited to the State's doctors as to the probability of a mental abnormality as defined by Mental Hygiene Law article 10. Other than being the county where respondent served his prison sentence, the respondent has no further discernable ties to Oneida County. Oneida County has no connection to the facts and disputes in this matter.

■ Equity, however, also dictates that good cause in each case may be determined by the court at its discretion and the level of good cause needed in one case to succeed on a venue change may be necessarily greater than in other cases. In this case, since there has been such a delay from the respondent having a trial in this matter, wherein the petition for civil management was originally filed by the Attorney General's Office on behalf of the State of New York on September 26, 2007, and the probable cause hearing was held on February 4, 2007, finding probable cause that the respondent has a mental abnormality, and through no fault of the respondent, the matter was appealed on various points of law, which further delayed the process inclusive but not limited to the venue change which was discussed earlier in this decision. It seems to this court that it is inherently unfair to the respondent to further delay this case by transferring it to another jurisdiction which most certainly would be appealed again and subsequently take further time for the respondent to receive a hearing as set forth in section 10.07 (a) of the Mental Hygiene Law, which dictates that within 60 days after the court determines there is probable cause to believe that the respondent is a sex offender requiring civil management, the court shall conduct a jury trial to determine whether respondent is a detained sex offender who suffers from a mental abnormality.

The court recognizes that pursuant to section 10.08 (f) the time periods specified by provisions of article 10 for actions by state agencies are goals that agencies shall try to meet but failure to act within such periods shall not invalidate later agency actions except as exclusively provided by the provisions in question. The court also understands that it may extend any time period at the request or on the consent of respondent. This court, however, feels that there has been far too much time in this process in this particular case that has gone by and that not enough good cause has been provided to this court for a change of venue which would outweigh the further time delays of this case to be heard at trial by either a judge or a jury.

Therefore, it is ordered, that venue in this matter shall be retained by the County of Oneida.