■ MICHAEL GRINMAN et al., Appellants, v ALAMO RENT A CAR, INC., et al., Respondents. [898 NYS2d 855]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Saitta, J.), dated May 28, 2009, which granted the motion of the defendants Highland Trans Fleet and Manuel Rebelo and that branch of the cross motion of the defendants Alamo Rent A Car, Inc., National Car Rental, Inc., and Inna Grinman which was to change the venue of the action from Kings County to Steuben County.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court did not improvidently exercise its discretion in granting the motion of the defendants Highland Trans Fleet and Manuel Rebelo and that branch of the cross motion of the defendants Alamo Rent A Car, Inc., National Car Rental, Inc., and Inna Grinman which were to change the venue of the action from Kings County to Steuben County where the underlying motor vehicle accident occurred. The affirmations of the defendants' attorneys and supporting evidence sufficiently detailed (1) the names, addresses, and occupations of numerous prospective witnesses, at least one of whom was a State Trooper based in Bath, (2) the facts to which the witnesses will testify at trial, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed (*see Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908, 909 [2008]; *Lafferty v Eklecco, LLC*, 34 AD3d 754, 755 [2006]; *Professional Veh. Leasing v Continuing Dev. Servs.*, 275 AD2d 313, 314 [2000]).

The contentions regarding the applicability of Ontario law or the federal Transportation Equity Act of 2005, also known as the Graves Amendment (49 USC § 30106), are not properly before this Court, as the Supreme Court did not determine those issues and expressly referred them to the Supreme Court, Steuben County, for determination (*see Hawkins-Bond v Konefsky*, 48 AD3d 417, 418 [2008]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Skelos, J.P., Dillon, Angiolillo, Eng and Sgroi, JJ., concur.