■ FRANKLIN LOPEZ-VIOLA, Respondent, v NORMAN O. DUELL, Respondents, and BERNARD H. ST. AMOUR et al., Appellants. [910 NYS2d 680]—

In an action to recover damages for personal injuries, the defendants Bernard H. St. Amour and Christine M. St. Amour appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated April 16, 2010, which denied their motion pursuant to CPLR 510 to change the venue of the action from Kings County to Montgomery County.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion of the defendants Bernard H. St. Amour and Christine M. St. Amour pursuant to CPLR 510 to change the venue of the action from Kings County to Montgomery County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Montgomery County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The Supreme Court improvidently exercised its discretion in denying the defendants' motion to change the venue of the action from Kings County to Montgomery County, where the underlying motor vehicle accident occurred. The papers submitted by the appellants contained (1) the names, addresses, and occupations of two prospective witnesses, both of whom were officers with the Montgomery County Sheriff's Department, (2) the facts to which the witnesses would testify at trial, (3) statements demonstrating that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed (*see Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908 [2008]; *Lafferty v Eklecco, LLC*, 34 AD3d 754 [2006]; *Professional Veh. Leasing v Continuing Dev. Servs.*, 275 AD2d 313 [2000]). Moreover, the convenience of local government officials is of paramount importance, because they should not be kept from their duties unnecessarily (*see Lafferty v Eklecco, LLC*, 34 AD3d at 754; *Professional Veh. Leasing v Continuing Dev. Servs.*, 275 AD2d at 313). In contrast, the plaintiff's residence was the only appar-

ent connection to Kings County and, in opposition to the motion, the plaintiff failed to offer proof that there were any independent witnesses who would be inconvenienced if the action were transferred to Montgomery County. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.