OPINION OF THE COURT
Memorandum.
Ordered that the appeal from the order entered February 3, 2010 is dismissed as academic; and it is further, ordered that the appeal from so much of the order entered March 23, 2010 as denied the branch of defendant’s motion seeking leave to reargue his prior motion is dismissed, as no appeal lies from a denial of leave to reargue; and it is further, ordered that the order entered March 23, 2010, insofar as reviewed, is reversed, without costs, the branch of defendant’s motion seeking leave to renew his prior motion is granted, and, upon renewal, defendant’s motion to vacate the default judgment is granted.
In this action to recover the sum of $6,765.06 for medical services rendered to defendant, defendant failed to appear and answer, and a default judgment was entered on August 29, 2008. By order to show cause dated November 30, 2009, defendant moved to vacate the default judgment, asserting that he had never received notice of the summons and complaint which had purportedly been served upon him by conspicuous-place service at 30 Northfield Court, Staten Island, New York 10303 in April 2008. Defendant stated in his affidavit that he had been evicted *34 from his residence at 30 Northfield Court, Staten Island in 1999 and that, in November 2003, he had moved to his current address at 5703 Avenue J, in Brooklyn. By order entered February 3, 2010, the Civil Court denied defendant’s motion. Thereafter, defendant moved for leave to renew and reargue his prior motion. In support of the motion, defendant’s counsel explained, among other things, that a supplementary affidavit had not been submitted in support of the prior motion because counsel had only received notice of a change in the prior motion’s return date the day before the revised return date. By order dated March 23, 2010, the Civil Court denied defendant’s motion “based on” the February 3, 2010 order “where all facts were considered.”
Although a motion for leave to renew generally should be based on newly discovered evidence, a court has the discretion to grant such a motion upon facts known to the movant at the time of the prior motion where a movant offers a reasonable justification for the failure to submit additional facts on the original motion (see Hasmath v Cameb, 5 AD3d 438 [2004]; Mollin v County of Nassau, 2 AD3d 600 [2003]; Bloom v Primus Auto. Fin. Servs., 292 AD2d 410 [2002]). Under the circumstances of this case, the Civil Court improvidently exercised its discretion in denying the branch of the motion seeking leave to renew, as defendant provided a reasonable excuse for his failure to offer the evidence on the original motion.
Upon renewal, defendant’s motion to vacate the default judgment should have been granted based on his showing of a reasonable excuse for the default and a meritorious defense (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). With regard to a reasonable excuse, defendant proffered evidence that, in July 1999, he had been evicted from his former residence, where process had been served in April 2008, and that, consequently, he had not received notice of the summons and complaint in time to defend the action. (Notwithstanding the foregoing, plaintiff exercised due diligence — by, among other things, making inquiry with the post office, and thus we find that jurisdiction was acquired over defendant.) With regard to a meritorious defense, defendant stated that he had never received any medical services from plaintiff and had never undergone surgery on either of his shoulders or any of the other medical procedures claimed by plaintiff. As a recipient of Medicare and Medicaid, had he been treated by plaintiff, he would have used his coverage so that he would not *35 have been billed. In addition, with respect to the intake form that plaintiffs office completed in 2002, defendant alleged that he had not filled it out or signed it and that it contained numerous errors, including, among others, his date of birth and the name of his alleged spouse, which supported his contention that the alleged medical services were never provided to him. As the record indicates that defendant demonstrated both a reasonable excuse for failing to appear to defend himself in this action and a meritorious defense that he was not treated by plaintiff, upon renewal, the Civil Court should have granted defendant’s motion to vacate the default judgment.
Pesce, PJ., Golia and Steinhardt, JJ., concur.