■ MARYANN FITZSIMONS et al., Individually and as Administrators of the Estate of KERRY FITZSIMONS, Deceased, Respondents, v KEVIN BRENNAN et al., Appellants. [9 NYS3d 318]—

In an action to recover damages for personal injuries, the defendants Kevin Brennan and Kristine Brennan appeal, and the defendant Marist College separately appeals, (1), as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated January 8, 2013, as denied their separate motions for a change of venue, and (2) from an order of the same court dated May 16, 2013, which denied the motion of the defendant Marist College, joined in by the defendants Kevin Brennan and Kristine Brennan, for leave to renew and reargue their prior separate motions for a change of venue.

Ordered that the appeal from so much of the order dated May 16, 2013, as denied that branch of the motion of the defendant Marist College, joined in by the defendants Kevin Brennan and Kristine Brennan, which was for leave to reargue, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 8, 2013, is affirmed; and it is further,

Ordered that the order dated May 16, 2013 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In January 2012, Kerry Fitzsimons was a student at Marist College, located in Dutchess County. Kerry, along with four other students, had leased an off-campus house in Poughkeepsie, Dutchess County, from Kevin Brennan and Kristine Brennan. Kerry and her housemates were residing in this house when, in the early morning of January 21, 2012, the house caught fire, and she and two other students died. Kerry's parents, Maryann Fitzsimons and Robert Fitzsimons, as administrators of her estate, and individually, who are residents of Suffolk County, commenced this action in Suffolk County against Marist College and the Brennans.

The Brennans and Marist College separately moved for a change of venue from Suffolk County to Dutchess County. By separate attorney affirmations, the defendants argued that prospective nonparty witnesses, including police and fire officials, first responders, medical examiners, and college students who were present at the house on the night of the fire, resided or worked in Dutchess County, and it would be inconvenient for them to attend trial in Suffolk County. In an order dated January 8, 2013, the Supreme Court denied the defendants' separate motions.

Marist College moved for leave to renew and reargue, submitting proof, inter alia, that the plaintiffs had filed notices of claim against Dutchess County and other entities, which would require the trial to be held in Dutchess County. The Brennans joined in this motion. In an order dated May 16, 2013, the Supreme Court denied the motion for leave to renew and reargue.

CPLR 510 (3) provides that the court may, upon motion, change the place of the trial of an action where "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]). The party seeking the change, which is discretionary in nature, must set forth: (1)

the names, addresses, and occupations of material witnesses, (2) the facts to which those witnesses will testify at trial, (3) a showing that those witnesses are willing to testify, and (4) a showing that those witnesses will be inconvenienced if the venue of the action is not changed (*see Goldberg v Goldberg*, 65 AD3d 1282 [2009]; *Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908, 909 [2008]; *Shindler v Warf*, 24 AD3d 429, 430 [2005]; *Giaimo v Hastings*, 19 AD3d 365 [2005]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 171-173 [1995]).

Although in moving for a change of venue under CPLR 510 (3), the defendants provided the names of certain college students who allegedly were present at the subject house on the night preceding the fire, the defendants failed to offer sufficient proof of the addresses of those students, the facts to which the students would testify, whether the students would be willing to testify, and that the students would be inconvenienced if venue was not changed. The defendants also provided the names of fire and police officers and first responders, without providing the current addresses of those individuals, or the basic details which would be the subject of their anticipated testimony (*see Walsh v Mystic Tank Lines Corp.*, 51 AD3d at 909). Since the defendants failed to meet their burden under CPLR 510 (3), the Supreme Court properly denied their separate motions for a change of venue (*see M.I. v Trinity-Pawling Sch.*, 125 AD3d 615, 615-616 [2015]; *Walsh v Mystic Tank Lines Corp.*, 51 AD3d at 909; *Shindler v Warf*, 24 AD3d at 430; *Giaimo v Hastings*, 19 AD3d 365 [2005]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d at 174).

The Supreme Court also providently exercised its discretion in denying that branch of Marist College's motion, joined in by the Brennans, which was for leave to renew. Marist College failed to present "new facts" which were unavailable at the time of the original motion that would have changed the prior determination (*see* CPLR 2221; *Matter of O'Gorman v O'Gorman*, 122 AD3d 744, 745 [2014]; *McElroy v Guida*, 196 AD2d 859 [1993]). Mastro, J.P., Leventhal, Maltese and Duffy, JJ., concur.