JOHN HEISS, JR., as Administrator of the Estate of KARL A. HEISS, Deceased, Respondent, v RICHARD E. MOOSE, Appellant. [792 NYS2d 634]—

Rose, J. Appeal from an order of the Supreme Court (Connor, J.), entered August 10, 2004 in Ulster County, which denied defendant's motion for a change of venue.

Plaintiff commenced this medical malpractice action in Ulster County, his place of residence, seeking to recover damages for the alleged failure of defendant and his then codefendants to properly diagnose decedent's dissecting aorta. Following service of the summons and complaint, two of the codefendants sought to change venue pursuant to CPLR 510 (3) from Ulster County to St. Lawrence County, where the alleged malpractice occurred and a majority of their intended witnesses resided. Supreme Court denied the motion on the ground that these witnesses were, among other things, employees or agents of a party. No appeal was taken.

When the note of issue and certificate of readiness were filed, plaintiff also executed a stipulation of discontinuance releasing all of the original defendants except defendant from this action. A date certain of April 5, 2005 was then assigned for trial. Defendant thereafter moved pursuant to CPLR 510 (3) for a change of venue from Ulster County to St. Lawrence County for the convenience of his former codefendants, who were now

nonparty witnesses, because the treatment that gave rise to plaintiff's claim took place in St. Lawrence County and because all relevant medical records were located there. Supreme Court denied the motion, and defendant now appeals.

We affirm. Although the convenience of defendant's intended witnesses, which include the physicians and nursing staff who treated decedent, is an important consideration, it is not dispositive of the issue of venue (*see Mroz v Ace Auto Body & Towing*, 307 AD2d 403, 404 [2003]; *Smart v Schweizer*, 255 AD2d 856, 858 [1998]). In view of our "very mobile society" (*McMurray v Kiamesha Concord*, 178 AD2d 825, 827 [1991]), the fact that these witnesses reside in other counties does not by itself establish that they would be unduly burdened by having to travel to Ulster County for trial. In addition, the stipulation of discontinuance provides that the trial court will be provided with all of decedent's medical records that are currently located in St. Lawrence County. Given the risk of prejudice to plaintiff in forfeiting his place on the trial calendar, we are not persuaded that Supreme Court abused its discretion in denying defendant's motion.

In view of the foregoing, plaintiff's remaining arguments need not be addressed.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.