■ JAMES McMANMON, Appellant, v YORK HILL HOUSING, INC., Respondent. [903 NYS2d 72]—

In an action, inter alia, for a judgment declaring that the estate of Grace McManmon effectively surrendered possession of a cooperative apartment, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Sgroi, J.), entered May 29, 2009, as granted that branch of the defendant's motion which was to change the venue of the action from Suffolk County to New York County, and denied his cross motion for summary judgment on the first cause of action.

Ordered that the order is modified, on the law, the facts, and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant's motion which was to change the venue of the action from Suffolk County to New York County and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the Clerk of the Supreme Court, New York County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff is the executor of the estate of Grace McManmon (hereinafter the decedent). The decedent owned an apartment in a "Mitchell-Lama" cooperative housing development (*see* Private Housing Finance Law § 10 *et seq.*) in New York City. The plaintiff alleged that by letter dated June 28, 2007, to counsel for the defendant, York Hill Housing, Inc. (hereinafter York), the owner of the property, he surrendered possession of the subject apartment, but York did not pay the redemption value of the shares. York argued that the plaintiff never effectively surrendered the apartment or returned the shares.

The plaintiff, a resident of Suffolk County, commenced this action in that County seeking, inter alia, a judgment declaring that "the decedent's estate effectively surrendered possession of the subject co-op apartment on June 28, 2007." York then

moved, among other things, to change the venue of the action from Suffolk County to New York County, arguing, in part, that the venue change was warranted pursuant to CPLR 510 (3) for the "convenience of witnesses." The plaintiff opposed the motion, and cross-moved for summary judgment on his declaratory judgment cause of action. The Supreme Court granted the change of venue pursuant to CPLR 510 (3) and denied the cross motion. We modify.

A "party moving for a change of venue pursuant to CPLR 510 (3) has the burden of demonstrating that the convenience of material witnesses would be better served by the change" (*Rochester Drug Coop., Inc. v Marcott Pharmacy N. Corp.*, 15 AD3d 899, 900 [2005] [internal quotation marks omitted]). "In doing so, the moving party must set forth (1) the names, addresses, and occupations of numerous prospective witnesses, (2) the facts to which the witnesses will testify at trial, so that the court may judge whether the proposed evidence of the witnesses is necessary and material, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed" (*Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908, 908 [2008]; *see Lafferty v Eklecco, LLC*, 34 AD3d 754, 755 [2006]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169 [1995]).

Here, York identified three potential witnesses: its president, building superintendent, and building manager, who allegedly would testify as to "the apartment's condition and the events surrounding the purported surrender." However, even assuming that York provided sufficient information for the Supreme Court to ascertain whether the proposed evidence of the witnesses was necessary and material, the convenience of "defendants themselves, or their employees, . . . is not a factor in considering a change of venue based on CPLR 510 (3)" (*Cilmi v Greenberg, Trager, Toplitz & Herbst*, 273 AD2d 266, 267 [2000]; *see Curry v Tysens Park Apts.*, 289 AD2d 191 [2001]; *Flynn v Niagara Univ.*, 198 AD2d 262 [1993]; *see also Martinez v Dutchess Landaq, Inc.*, 301 AD2d 424 [2003]). Moreover, York did not establish how the potential witnesses would be greatly inconvenienced if venue were not changed to New York County (*see Fernandes v Lawrence*, 290 AD2d 412 [2002]; *Blumberg v Salem Truck Leasing*, 276 AD2d 577 [2000]). Under these circumstances, it was an improvident exercise of the Supreme Court's discretion to change the venue to New York County (*see Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908 [2008]).

However, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on his declaratory judg-

ment cause of action. Since it is undisputed that the plaintiff never returned the shares of stock in the subject apartment to York (*see* Rules of City of NY Housing Preservation and Development [28 RNCY] § 3-02 [p] [6] [I]; 28 RCNY 3-06 [d]), there remains a triable issue of fact as to whether possession of the premises was effectively surrendered. Accordingly, the plaintiff was not entitled to summary judgment on its declaratory judgment cause of action (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.