■ STEVEN LAPIDUS et al., Appellants, v 1050 TENANTS CORP., Respondent. [943 NYS2d 129]—

In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 13, 2010, which granted the defendant's motion pursuant to CPLR 510 (3) to change the venue of the action from Suffolk County to New York County.

Ordered that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 510 (3) to change the venue of the action from Suffolk County to New York County is denied, and the Clerk of the Supreme Court, New York County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

A party moving for a change of venue pursuant to CPLR 510 (3) has the burden of demonstrating that the convenience of material witnesses and the ends of justice will be promoted by the change (*see* CPLR 510 [3]; *McManmon v York Hill Hous., Inc.*, 73 AD3d 1137, 1138 [2010]; *Rochester Drug Coop., Inc. v Marcott Pharmacy N. Corp.*, 15 AD3d 899 [2005]; *Heinemann v Grunfeld*, 224 AD2d 204 [1996]). In doing so, the moving party must set forth (1) the names, addresses, and occupations of prospective witnesses, (2) the facts to which the prospective witnesses will testify at trial, so that the court may judge whether the proposed evidence of the prospective witnesses is necessary and material, (3) a statement that the prospective witnesses are willing to testify, and (4) a statement that the prospective witnesses would be greatly inconvenienced if the venue of the action was not changed (*see Lafferty v Eklecco, LLC*, 34 AD3d 754, 755 [2006]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 172 [1995]).

Here, the defendant failed to establish that the real estate agent who cobrokered the sale of the plaintiffs' apartment in its cooperative building would be greatly inconvenienced if venue was not changed to New York County (*see McManmon v York Hill Hous., Inc.*, 73 AD3d at 1138; *Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908 [2008]; *Fernandes v Lawrence*, 290 AD2d 412 [2002]; *Blumberg v Salem Truck Leasing*, 276 AD2d 577 [2000]; *Maynard v Oakes*, 144 AD2d 229, 230 [1988]), and failed to satisfy all of the required criteria for a change of venue with respect to an attorney who served the defendant with a restraining notice in a related action. The remaining prospective witnesses identified by the defendant are its employees or agents, whose convenience is not a factor in considering a motion for a change of venue pursuant to CPLR 510 (3) (*see McManmon v York Hill Hous., Inc.*, 73 AD3d at 1138; *Curry v Tysens Park Apts.*, 289 AD2d 191 [2001]; *Cilmi v Greenberg, Trager, Toplitz & Herbst*, 273 AD2d 266, 267 [2000]; *D'Argenio v Monroe Radiological Assoc.*, 124 AD2d 541, 542 [1986]). Accordingly, the defendant's motion pursuant to CPLR 510 (3) to change the venue of the action from Suffolk County to New York County based upon the convenience of material witnesses should have been denied. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.