MIHAIL E. ZERVOS, Respondent, v RAMON VARGAS et al., Appellants. [964 NYS2d 562]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated October 3, 2012, which granted the plaintiff's cross motion to transfer venue of this action from Kings County to Queens County and, in effect, denied their motion to transfer venue of this action from Kings County to Nassau County.

Ordered that the order is reversed, on the law, with costs, the defendants' motion to transfer venue of this action from Kings County to Nassau County is granted, the plaintiff's cross motion to transfer venue of this action from Kings County to Queens County is denied, and the Clerk of the Supreme Court, Kings County, or, if warranted, the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The venue of an action should be placed "in the county in which one of the parties resided when it was commenced" (CPLR 503 [a]). The plaintiff commenced this action, placing venue in Kings County, based upon the purported residence of the defendant driver. Thereafter, the defendants served a timely

demand for a change of venue pursuant to CPLR 511 (b), and followed up within 15 days with a motion to transfer venue to a proper venue pursuant to CPLR 503 (a), 510 and 511, alleging that the defendant driver resided in Nassau County at the time of the commencement of this action, and that none of the other parties resided in Kings County. In opposition to the defendants' motion, the plaintiff conceded that Kings County was an improper venue and did not dispute the allegation that the defendant driver resided in Nassau County at the time of commencement. By improperly commencing the action in Kings County, the plaintiff forfeited the right to select venue (*see Ruiz v Lazala*, 26 AD3d 366, 367 [2006]; *Fisher v Finnegan-Curtis*, 8 AD3d 527, 528 [2004]). Furthermore, the plaintiff failed to demonstrate that venue should be transferred to Queens County based on the convenience of nonparty witnesses (*see* CPLR 510 [3]; *McManmon v York Hill Hous., Inc.*, 73 AD3d 1137, 1138 [2010]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169 [1995]).

Accordingly, under the circumstances of this case, the Supreme Court should have granted the defendants' motion to transfer venue as of right and transferred venue of this action from Kings County to Nassau County (*see Ruiz v Lazala*, 26 AD3d at 367). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.