■ M.I. et al., Respondents, v TRINITY-PAWLING SCHOOL et al., Appellants. [999 NYS2d 747]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated May 6, 2014, which denied their motion for a change of venue from Suffolk County to Dutchess County.

Ordered that the order is affirmed, with costs.

Upon a motion by a party, a trial court may transfer venue where "the convenience of material witnesses and the ends of justice will be promoted by the change" (CPLR 510 [3]). Motions to transfer venue under CPLR 510 (3) are addressed to the sound discretion of the court, and absent an improvident exercise of discretion, the order will not be disturbed on appeal (*see Morris v Halik*, 172 AD2d 502 [1991]).

"The party moving for a change of venue pursuant to CPLR 510 (3) has the burden of demonstrating that the convenience of material witnesses would be better served by the change" (*Rochester Drug Coop., Inc. v Marcott Pharmacy N. Corp.*, 15 AD3d 899, 899 [2005]; *see Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908, 909 [2008]). In doing so, the moving party must set forth: (1) the names, addresses, and occupations of material witnesses, (2) the facts to which these witnesses will testify at trial, (3) a showing that those witnesses are willing to testify, and (4) a showing that those witnesses would be inconvenienced if the venue of the action was not changed (*see Lafferty v Eklecco, LLC*, 34 AD3d 754, 755 [2006]; *O'Brien v Vassar Bros.*

*Hosp.*, 207 AD2d 169, 172-173 [1995]). As the movants, the defendants failed to meet their burden. Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motion for a change of venue from Suffolk County to Dutchess County. Skelos, J.P., Sgroi, Maltese and Duffy, JJ., concur.