■ ROBERT PALERMO, Appellant, et al., Plaintiff, v PATRICIA WHITE et al., Defendants, and FAMILY RESIDENCES AND ESSENTIAL ENTERPRISES, INC., et al., Respondents. [19 NYS3d

758]—In an action to recover damages for personal injuries, the plaintiff Robert Palermo appeals from an order of the Supreme Court, Kings County (Silber, J.), dated February 5, 2015, which granted the motion of the defendants Family Residences and Essential Enterprises, Inc., and Matthew Krauss pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Suffolk County.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion of the defendants Family Residences and Essential Enterprises, Inc., and Matthew Krauss pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Suffolk County is denied, and the Clerk of the Supreme Court, Suffolk County, is directed to deliver to the Clerk of the Supreme Court, Kings County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The Supreme Court improvidently exercised its discretion in granting the motion of the defendants Family Residences and Essential Enterprises, Inc., and Matthew Krauss (hereinafter together the movants) pursuant to CPLR 510 (3) to change the venue of the action from Kings County to Suffolk County. The movants failed to satisfy their burden of demonstrating that the convenience of material witnesses and the ends of justice would be better served by a change of venue (*see* CPLR 510 [3]; *Lapidus v 1050 Tenants Corp.*, 94 AD3d 950, 950-951 [2012]; *McManmon v York Hill Hous., Inc.*, 73 AD3d 1137, 1138 [2010]; *O'Brien v Vassar Bros. Hosp.*, 207 AD2d 169, 170, 172-173 [1995]). The convenience of Krauss himself, a party to this action, is not a factor in considering a change of venue based on CPLR 510 (3) (*see Nova Cas. Co. v RPE, LLC*, 115 AD3d 717, 718 [2014]; *McManmon v York Hill Hous., Inc.*, 73 AD3d at 1138; *Curry v Tysens Park Apts.*, 289 AD2d 191 [2001]). Furthermore, the defendants failed to establish that Krauss is unable to travel to Kings County due to his health (*see Zinker v Zinker*, 185 AD2d 698, 699 [1992]; *Hoyt v Le Bel*, 120 AD2d 973, 974 [1986]; *cf. DeGregorio v DeGregorio*, 251 AD2d 366, 367 [1998]; *Messinger v Festa*, 94 AD2d 792 [1983]). Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.