◼ ADELINE AMBROISE, as Administratrix of the Estate of LUCKNER AUGUSTIN, Deceased, et al., Respondents, v UNITED PARCEL SERVICE OF AMERICA, INC., Also Known as UPS, et al., Appellants, et al., Defendants. [39 NYS3d 255]—

In an action to recover damages for personal injuries and wrongful death, etc., the defendants United Parcel Service of America, Inc., also known as UPS, and Louis R. Nunziata appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered August 25, 2014, which denied their motion pursuant to CPLR 510 (3) to change venue of the action from Queens County to Orange County.

Ordered that the order is affirmed, with costs.

On April 9, 2011, the decedent Luckner Augustin was killed in a motor vehicle accident which occurred in Orange County. The plaintiffs subsequently commenced this action in Queens County against several parties including Louis R. Nunziata, a Queens resident, and Nunziata's employer, United Parcel Service of America, Inc., also known as UPS (hereinafter together the defendants). The defendants thereafter moved pursuant to CPLR 510 (3) to change venue of the action from Queens County to Orange County, contending that a change in venue was necessary to promote the convenience of four prospective witnesses.

A party moving for a discretionary change of venue pursuant to CPLR 510 (3) has the burden of demonstrating that the convenience of material witnesses and the ends of justice will be promoted by the change (*see* CPLR 510 [3]; *Lapidus v 1050 Tenants Corp.*, 94 AD3d 950 [2012]; *McManmon v York Hill Hous., Inc.*, 73 AD3d 1137, 1138 [2010]). In so doing, the moving party must set forth (1) the names, addresses, and occupations of the prospective witnesses, (2) the facts to which the witnesses will testify at trial, so that the court may judge whether the proposed evidence is necessary and material, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed (*see M.I. v Trinity-Pawling Sch.*, 125 AD3d 615 [2015]; *Lapidus v 1050 Tenants Corp.*, 94 AD3d at 950; *McManmon v York Hill Hous., Inc.*, 73 AD3d at 1138).

Here, the defendants failed to set forth any of the facts to which the prospective witnesses would testify at trial, or to describe how their testimony would be necessary or material. Furthermore, the defendants made only conclusory statements that the prospective witnesses would be inconvenienced, and failed to establish the manner or extent to which those witnesses would be inconvenienced (*see Matter of Supplier Distrib. Concepts, Inc.*, 80 AD3d 869, 871 [2011]; *Frontier Ins. Co. in Rehabilitation v Big Apple Roofing Co., Inc.*, 50 AD3d 1239, 1240 [2008]; *Pfeifer v Liss*, 275 AD2d 254 [2000]; *Marko v Culinary Inst. of Am.*, 245 AD2d 212 [1997]). The mere fact that the witnesses would be required to travel a significant distance does not establish, without more, that requiring their testimony would impose an undue burden on them (*see State of New York v Quintal, Inc.*, 79 AD3d 1357, 1358 [2010]; *Heiss v Moose*, 16 AD3d 765, 766 [2005]).

Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motion (*see Fitzsimons v*

*Brennan*, 128 AD3d 634, 636 [2015]; *M.I. v Trinity-Pawling Sch.*, 125 AD3d at 616; *Walsh v Mystic Tank Lines Corp.*, 51 AD3d 908, 909 [2008]). Eng, P.J., Balkin, Hall and Barros, JJ., concur.