■ BENEFICIAL HOMEOWNER SERVICE CORPORATION, Appellant, v RAPHAEL CHAMBERS, Respondent, et al., Defendants. 1270 JEFFERSON PROP., LLC, Nonparty Respondent. [44 NYS3d 87]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated January 16, 2015, as granted the motion of the defendant Raphael Chambers, inter alia, to stay the foreclosure sale of the subject property to the extent of directing it to complete a short sale of the property, and granted the motion of the nonparty 1270 Jefferson Prop., LLC, for leave to intervene in the action as a defendant-intervenor.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the nonparty 1270 Jefferson Prop., LLC, for leave to intervene in the action as a

defendant-intervenor, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff to the defendant Raphael Chambers.

Raphael Chambers executed a note in favor of the plaintiff that was secured by a mortgage on property in Brooklyn. Upon Chambers's failure to satisfy his obligations under the note and mortgage, the plaintiff commenced the instant mortgage foreclosure action. Upon Chambers's default in answering the complaint, a judgment of foreclosure and sale was entered.

Subsequently, Chambers moved to stay the foreclosure sale, asserting that he had a buyer ready, willing, and able to purchase the premises through a short sale. By order dated March 21, 2014, the Supreme Court marked the case off the calendar "pending completion of the short sale" and directed that, "if [the] short sale [was] not agreed upon in 90 days," either party could restore the matter to the calendar. The order was signed by counsel for the plaintiff and for Chambers.

Thereafter, Caliber Home Loans (hereinafter Caliber), the loan servicer, issued acceptance letters to Chambers setting forth the terms of a short sale of the premises. A closing date was set, but the closing could not be completed because the plaintiff failed to provide a letter stating its relationship with Caliber. Chambers then moved, inter alia, for a further stay of the foreclosure sale and for an opportunity to complete the short sale. 1270 Jefferson Prop., LLC (hereinafter 1270 Jefferson), the proposed buyer of the premises, moved for leave to intervene in the action as a defendant-intervenor. In the order appealed from, the Supreme Court, inter alia, granted Chambers's motion to the extent of directing the plaintiff and Chambers to complete the short sale by a date certain, and granted 1270 Jefferson's motion for leave to intervene.

The Supreme Court properly granted Chambers's motion to the extent of directing the plaintiff and Chambers to complete the short sale. Although the order dated March 21, 2014, in and of itself, did not constitute a stipulation of settlement of the action, as it did not set forth all material terms of a settlement agreement (cf. Martin v Harrington, 139 AD3d 1017, 1018 [2016]), pursuant to the terms of that order, the parties entered into further agreements, evidenced by the acceptance letters, which set forth the terms of the parties' agreement, including a contract price and a fixed closing date. The acceptance letters demonstrate that the parties did, indeed, agree to a short sale. That correspondence, in conjunction with the order dated March 21, 2014, constituted an enforceable agreement between the parties (see id.).

However, the Supreme Court erred in granting 1270 Jefferson's motion for leave to intervene in the action, since 1270 Jefferson failed to submit a proposed pleading, as required by CPLR 1014 (*see Matter of Zehnder v State of New York*, 266 AD2d 224 [1999]).

The plaintiff's remaining contentions are improperly raised for the first time on appeal (*see PHH Mtge. Corp. v Celestin*, 130 AD3d 703, 704 [2015]). Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.