Gorodetsky v Bridgewater Wholesalers, Inc. (2018 NY Slip Op 03122)





Gorodetsky v Bridgewater Wholesalers, Inc.


2018 NY Slip Op 03122


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-12798
 (Index No. 150356/16)

[*1]Ludmila Gorodetsky, etc., respondent, 
v
Bridgewater Wholesalers, Inc., et al., appellants.


Jacobson & Schwartz, LLP, Jericho, NY (Paul Goodovitch of counsel), for appellants.
Law Office of Nicholas Rose, PLLC, Forest Hills, NY (Jill B. Savedoff of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated December 5, 2016. The order denied the defendants' motion pursuant CPLR 510(3) to change venue from Richmond County to Warren County.
ORDERED that the order is affirmed, with costs.
On June 23, 2014, the decedent Leonid Gorodetsky allegedly sustained injuries when his motorcycle came into contact with a vehicle owned by the defendant Penske Truck Leasing, Co., L.P. (hereinafter Penske), and operated by the defendant Joseph Courtright. The accident occurred in Warren County and resulted in the death of the decedent. The plaintiff, as administrator of the decedent's estate, subsequently commenced this action against the defendants in Richmond County, where she resides, to recover damages for, inter alia, wrongful death. The defendants thereafter moved pursuant to CPLR 510(3) to change venue of the action from Richmond County to Warren County, contending that a change of venue was necessary to promote the convenience of prospective witnesses.
A party moving for a change of venue pursuant to CPLR 510(3) has the burden of demonstrating that the convenience of material witnesses and the ends of justice will be promoted by the change (see CPLR 510[3]; Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 927, 928; Lapidus v 1050 Tenants Corp., 94 AD3d 950, 950). In doing so, the moving party must set forth (1) the names, addresses, and occupations of the prospective witnesses, (2) the facts to which the witnesses will testify at trial, so that the court may assess whether the proposed evidence is necessary and material, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed (see Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d at 928; M.I. v Trinity-Pawling Sch., 125 AD3d 615, 615).
Here, the defendants failed to disclose the addresses of all but one of the prospective witnesses, made only conclusory statements that the prospective witnesses would be inconvenienced, [*2]and failed to establish the manner or extent to which those witnesses would be inconvenienced (see Ambroise v United Parcel Serv. of Am. Inc., 143 AD3d at 928; Matter of Supplier Distribution Concepts, Inc., 80 AD3d 869, 871). With regard to those witnesses who were New York State police officers, while "the convenience of local government officials, such as police officers, is of paramount importance because they should not be kept from their duties unnecessarily" (Lafferty v Eklecco, LLC, 34 AD3d 754, 755), here, only conclusory statements, without any details, were provided as to how those witnesses would be inconvenienced. As such, these statements were insufficient to establish that those witnesses would be inconvenienced if venue were not changed.
Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motion for a change of venue from Richmond County to Warren County.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court