Marrero v Mamkin (2019 NY Slip Op 02333)





Marrero v Mamkin


2019 NY Slip Op 02333


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-10562
 (Index No. 701624/18)

[*1]Joseph J. Marrero, et al., appellants,
v
Mariya Mamkin, respondent.


Alpert, Slobin & Rubenstein, LLP, Bronx, NY (Morton Alpert of counsel), for appellants.
Ferro & Stenz (Russo & Tambasco, Melville, NY [Yamile R. Al-Sullami], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Thomas D. Raffaele), entered August 1, 2018. The order granted the defendant's motion to change venue of the action from Queens County to Richmond County, and directed the Clerk of the Supreme Court, Queens County, to transfer the file in the action to the Clerk of the Supreme Court, Richmond County.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the defendant's motion to change venue of the action from Queens County to Richmond County is denied, and the Clerk of the Supreme Court, Richmond County, is directed to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
On July 14, 2017, the parties were involved in a motor vehicle accident in Queens County. In January 2018, the plaintiffs, who are residents of Virginia, commenced this personal injury action against the defendant in the Supreme Court, Queens County. The defendant moved pursuant to CPLR 503(a), 510, and 511 to change venue of the action from Queens County to Richmond County, where the defendant resided. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
"In order to prevail on a motion pursuant to CPLR 510(1) to change venue, a defendant must show that the plaintiff's choice of venue is improper, and also that the defendant's choice of venue is proper" (Deas v Ahmed, 120 AD3d 750, 750; see CPLR 511[b]; Pomerantsev v Kodinsky, 156 AD3d 655, 656). "Only if a defendant meets this burden is the plaintiff required to establish, in opposition, that the venue selected was proper" (Young Sun Chung v Kwah, 122 AD3d 729, 730).
As amended in 2017, CPLR 503 provides, in pertinent part, that "[e]xcept where otherwise prescribed by law, the place of trial shall be in the county in which one of the parties resided when it was commenced; the county in which a substantial part of the events or omissions giving rise to the claim occurred; or, if none of the parties then resided in the state, in any county [*2]designated by the plaintiff" (CPLR 503[a], as amended by L 2017, ch 366). Here, although the defendant's choice of venue was proper since it was based upon her residence, she did not meet her burden of demonstrating that the plaintiff's choice of venue was improper as the events occurred in Queens County.
Furthermore, the defendant failed to satisfy her burden of demonstrating that the convenience of material witnesses and the ends of justice would be better served by a change of venue (see CPLR 510[3]; Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 927, 928; Lapidus v 1050 Tenants Corp., 94 AD3d 950, 950). The convenience of the defendant, a party to this action, is not a factor in considering a change of venue based on CPLR 510(3) (see Palermo v White, 133 AD3d 834, 835; Nova Cas. Co. v RPE, LLC, 115 AD3d 717, 718; McManmon v York Hill Hous., Inc., 73 AD3d 1137, 1138).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendant's motion to change venue.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court