Pomaquiza v 145 WS Owner, LLC (2019 NY Slip Op 03831)





Pomaquiza v 145 WS Owner, LLC


2019 NY Slip Op 03831


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-04074
 (Index No. 503961/17)

[*1]Gilberto Pomaquiza, respondent, 
v
145 WS Owner, LLC, et al., appellants.


Gorton & Gorton LLP, Garden City, NY (John T. Gorton of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated January 31, 2018. The order, insofar as appealed from, denied the defendants' motion pursuant to CPLR 510(1) and 511 to change the venue of the action from Kings County to Rockland County, and, in effect, granted that branch of the plaintiff's cross motion which was pursuant to CPLR 510(3) to retain venue in Kings County.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion pursuant to CPLR 510(1) and 511 to change the venue of the action from Kings County to Rockland County is granted, that branch of the plaintiff's cross motion which was pursuant to CPLR 510(3) to retain venue in Kings County is denied, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Rockland County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
The plaintiff commenced this personal injury action in Kings County. Pursuant to CPLR 511(b), the defendants served a demand for a change of venue to Rockland County, and within 15 days thereafter, moved to transfer venue accordingly, asserting that none of the parties resided in Kings County and that the defendant Noble Construction Group resided in Rockland County. The plaintiff cross-moved, inter alia, to retain venue in Kings County, pursuant to CPLR 510(3), based upon the convenience of material witnesses. The Supreme Court denied the defendants' motion and, in effect, granted that branch of the plaintiff's cross motion which was to retain venue in Kings County. The defendants appeal.
At the time this action was commenced, CPLR 503(a) required that "the place of trial . . . be in the county in which one of the parties resided when it was commenced" (see L 2017, c 366, § 1). Since the defendants demonstrated, and the plaintiff did not dispute, that none of the parties resided in Kings County at the time the action was commenced (see Matoszko v Kielmanowicz, 136 AD3d 762, 763), venue was improperly placed in Kings County (see Patiwana v Shah, 162 AD3d 1059, 1060). Further, the defendants demonstrated that venue would be proper in Rockland County, where the defendant Noble Construction Group resided (see Matoszko v Kielmanowicz, 136 AD3d at 763). By improperly commencing the action in Kings County, the plaintiff forfeited the right to select venue (see Zervos v Vargas, 105 AD3d 1040, 1041).
On his cross motion to retain venue in Kings County, the plaintiff failed to demonstrate that the convenience of material witnesses and the ends of justice would be promoted [*2]by retaining venue in Kings County (see CPLR 510[3]). To make such a showing, the plaintiff was required to set forth (1) the names, addresses, and occupations of the prospective witnesses, (2) the facts to which the witnesses will testify at trial, so that the court may assess whether the proposed evidence is necessary and material, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not retained in Kings County (see Gorodetsky v Bridgewater Wholesalers, Inc., 161 AD3d 722, 723).
The plaintiff identified the names and office addresses of two doctors he claimed were providing him with treatment. However, the plaintiff did not assert that these witnesses were willing to testify or provide even a general statement of the facts to which the witnesses would testify, including identifying the injuries or conditions for which the doctors were treating him (see Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 927, 928; Fitzsimons v Brennan, 128 AD3d 634, 636; cf. Oster v Bluming, 159 AD3d 708, 710). Moreover, the plaintiff "made only conclusory statements that [these] witnesses would be inconvenienced, and failed to establish the manner or extent to which [they] would be inconvenienced" (Gorodetsky v Bridgewater Wholesalers, Inc., 161 AD3d at 723). The plaintiff also did not establish that he is unable to travel to Rockland County due to his health (cf. Messinger v Festa, 94 AD2d 792, 792-793), and, as a party to the action, his convenience is not a factor in considering a change of venue based on CPLR 510(3) (see Palermo v White, 133 AD3d 834, 835).
Accordingly, the defendants' motion to transfer venue to Rockland County should have been granted, and that branch of the plaintiff's cross motion which was to retain venue in Kings County should have been denied.
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court