Landa v Poloncarz (2023 NY Slip Op 01891)

Landa v Poloncarz

2023 NY Slip Op 01891

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-03900
 (Index No. 615964/19)

[*1]Judith Landa, et al., appellants, 
v
Mark Poloncarz, et al., defendants-respondents; Mark Poloncarz, in his official capacity as Erie County Executive, proposed intervenor-respondent.

Zeichner Ellman & Krause, LLP, New York, NY (J. David Morrissy of counsel), for appellants.
Hurwitz & Fine, P.C., Buffalo, NY (Joseph S. Brown of counsel), for defendants-respondents, and Hodgson Russ, LLP, Buffalo, NY (Ryan K. Cummings of counsel), for proposed intervenor-respondent (one brief filed).

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), dated May 4, 2020. The order granted the motion of Mark Poloncarz, in his official capacity as Erie County Executive, for leave to intervene in the action and to change venue of the action from Nassau County to Erie County, and, in effect, granted the separate motion of the defendants, Mark Poloncarz and Jennifer Hibit, to change venue of the action from Nassau County to Erie County.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of Mark Poloncarz, in his official capacity as Erie County Executive, for leave to intervene in the action and to change venue of the action from Nassau County to Erie County, and substituting therefor a provision denying the motion with leave to renew that branch of the motion which was for leave to intervene in the action on proper papers; as so modified, the order is affirmed, with one bill of costs to the defendants, Mark Poloncarz and Jennifer Hibit, payable by the plaintiffs.
In November 2019, Judith Landa commenced an action in Erie County against Mark Poloncarz, in his official capacity as Erie County Executive, alleging defamation and seeking a permanent injunction based on statements that Poloncarz made about Judith Landa pertaining to certain nursing homes (hereinafter the Erie action). Also in November 2019, Judith Landa and Benjamin Landa commenced this action in Nassau County against Poloncarz, in his individual capacity, and Jennifer Hibit alleging defamation and seeking a permanent injunction based on statements that Poloncarz and Hibit made about Judith Landa and Benjamin Landa pertaining to the same nursing homes (hereinafter the Nassau action). Poloncarz, in his official capacity as Erie County Executive, moved for leave to intervene in the Nassau action and to change venue of the Nassau action from Nassau County to Erie County. Poloncarz, in his individual capacity, and Hibit made a separate motion to change venue of the Nassau action from Nassau County to Erie County. In an order dated May 4, 2020, the Supreme Court granted the motion of Poloncarz, in his official capacity as Erie County Executive, to intervene in the Nassau action and to change venue of the [*2]Nassau action from Nassau County to Erie County, and, in effect, granted the separate motion of Poloncarz, in his individual capacity, and Hibit, to change venue of the Nassau action from Nassau County to Erie County. Judith Landa and Benjamin Landa appeal.
Poloncarz and Hibit demonstrated that a change of venue was warranted pursuant to CPLR 510(3). "A party moving for a discretionary change of venue pursuant to CPLR 510(3) has the burden of demonstrating that the convenience of material witnesses and the ends of justice will be promoted by the change" (Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d 927, 928; see CPLR 510[3]; Coluck Inc. v SEM Sec. Sys., Inc., 175 AD3d 593, 594-595; McManmon v York Hill Hous., Inc., 73 AD3d 1137, 1138). "In so doing, the moving party must set forth (1) the names, addresses, and occupations of the prospective witnesses, (2) the facts to which the witnesses will testify at trial, so that the court may judge whether the proposed evidence is necessary and material, (3) a statement that the witnesses are willing to testify, and (4) a statement that the witnesses would be greatly inconvenienced if the venue of the action was not changed" (Ambroise v United Parcel Serv. of Am., Inc., 143 AD3d at 928; see M.I. v Trinity-Pawling Sch., 125 AD3d 615, 615-616). Here, the submissions of Poloncarz and Hibit in support of their motion satisfied this criteria (see Bikel v Bakertown Realty Group, Inc., 157 AD3d 924, 925). Therefore, the Supreme Court correctly granted their motion to change venue of the Nassau action from Nassau County to Erie County pursuant to CPLR 510(3).
"A motion seeking leave to intervene, whether made under CPLR 1012 or 1013, must include the proposed intervenor's . . . complaint or answer (CPLR 1014)" (New Hope Missionary Baptist Church, Inc. v 466 Lafayette Ltd., 169 AD3d 811, 812). "The court has no power to grant leave to intervene where, as here, the prospective intervenor[ ] did not include in [his] motion papers 'a proposed pleading setting forth the claim or defense for which intervention is sought'" (id. at 812, quoting Matter of Carriage Hill v Lane, 20 AD2d 914, 914 [internal quotation marks omitted]; see CPLR 1014). Here, Poloncarz, in his official capacity as Erie County Executive, failed to include his proposed answer in his motion papers. Nevertheless, he made a threshold showing that his defense and the Nassau action have a common question of law and fact, that he has a real and substantial interest in the outcome of the proceedings, and that intervention will not unduly delay the determination of the Nassau action or prejudice the substantial rights of any party (see CPLR 1013; American Home Mtge. Servicing, Inc. v Sharrocks, 92 AD3d 620; Wells Fargo Bank, N.A. v McLean, 70 AD3d 676). Accordingly, although the Supreme Court was "without the power to grant such relief inasmuch as [Poloncarz, in his official capacity as Erie County Executive,] has failed to comply with CPLR 1014," the court should have denied the motion with leave to renew that branch of the motion which was for leave to intervene in the Nassau action on proper papers (New Hope Missionary Baptist Church, Inc. v 466 Lafayette Ltd., 169 AD3d at 812 [internal quotation marks omitted]).
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court