## U.S. Bank N.A. v Rodney

2024 NY Slip Op 33143(U)

September 6, 2024

Supreme Court, Kings County

Docket Number: Index No. 522466/2019

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 6th day of April, 2022.

P R E S E N T :

HON. CENCERIA P. EDWARDS, C.P.A.,

                                                    Justice.

-------------------------------------------------------------------------X

U.S. Bank National Association, As Trustee Successor In Interest To Bank Of America National Association, As Trustee, Successor By Merger To Lasalle National Association, As Trustee For Lehman XS Trust Mortgage Pass-Through Certificates Series 2006-11,

                                                    Plaintiff(s),

                        -against-

Loxley Rodney a/k/a Loxley O. Rodney a/k/a Rodney Loxley, 13 Brevoort Place LLC, Florian Senfter, Mortgage Electronic Registration Systems, Inc. ("MERS") Acting Solely As Nominee For Lancaster Mortgage Bankers, Its Successors and Assigns, Erin Services Co LLC, NYC Bureau Of Highway Operations, New York City Environmental Control Board, "John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Subject Property described in the Complaint,

                                                    Defendant(s).

-------------------------------------------------------------------------X

**ORDER**

Calendar #(s):          21

Index #:          522466/2019

Mot. Seq. #(s):          1

---

The following e-filed papers read herein:                              NYSCEF Doc. Nos.:

Notice of Motion, Affidavits (Affirmations), and Exhibits _____          _____24-36_____
Opposing Affidavits (Affirmations) and Exhibits _____          _____39-43_____
Reply Affidavits (Affirmations) and Exhibits _____          _____46-49_____

---

        This is an action to foreclose a mortgage encumbering the three-family residential property at 13 Brevoort Place in Brooklyn (Block 2017, Lot 61) ("the subject premises"). Upon

[* 1]

the foregoing papers, non-parties Brevoort Place Corp. and BVT13 LLC (collectively, "the Proposed Intervenors") move for an order: (1) granting them leave to intervene in this action, pursuant to CPLR 1012 (a) (3) and/or 1013; (2) dismissing this action; and (3) vacating "the [October 1, 2016] Loan Modification Agreement entered into by [defendant Loxley Rodney a/k/a Loxley O. Rodney a/k/a Rodney Loxley (Rodney)] a party who did not own [the] premises at said time . . ." (NYSCEF Doc # 24).

## Background

On October 14, 2019, plaintiff U.S. Bank National Association, as Trustee Successor in Interest to Bank of America National Association, as Trustee, Successor by merger to Lasalle National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2006-11 ("Plaintiff" or "US Bank") commenced this action to foreclose an April 12, 2006 mortgage in the principal amount of $450,000.00 encumbering the subject premises by filing a summons, an unverified complaint, and a notice of pendency (*see* NYSCEF Doc #s 1-2). The complaint alleges that Rodney executed an April 12, 2006 note in favor of Lancaster Mortgage Bankers, the original lender, which was secured by a mortgage encumbering the subject premises then owned by Rodney (*see* NYSCEF Doc No. 1 at ¶¶ 7 and 9-10). The complaint further alleges that the mortgage and note were transferred to US Bank, after which the loan was modified to increase the principal balance to $894,553.43 by an October 1, 2016 modification agreement ("the 2016 Modification Agreement") (*see id.* at ¶¶ 11-12). Rodney allegedly defaulted in making the monthly installment payments under the modified loan as of September 1, 2017 (*see id.* at ¶ 15). None of the named defendants answered or otherwise responded to the complaint, including Rodney, and their time within which to do so has expired.

On March 23, 2021, nearly one and a half years after this action was commenced, the Proposed Intervenors, non-parties Brevoort Place Corp. and BVT13 LLC, move for an order granting them leave to intervene, pursuant to CPLR 1012 (a) (3) and 1013, dismissing this action and vacating the 2016 Modification Agreement (*see* NYSCEF Doc # 24). Importantly, the Proposed Intervenors' motion for leave to intervene, pursuant to CPLR 1012 and/or 1013, does not include a proposed pleading, as required by CPLR 1014.

Essentially, the Proposed Intervenors argue that they are necessary parties who should be granted leave to intervene in this foreclosure action because they acquired the subject premises

2

[* 2]

from Rodney before this action was commenced and before Rodney entered into the 2016 Modification Agreement under which he later defaulted. According to their moving papers, Rodney transferred the subject premises to named defendant 13 Brevoort Place LLC by deed dated December 22, 2007, and recorded in the Office of the City Register of Kings County on April 7, 2008 under CRFN 2008000150317. The Proposed Intervenors allege that Brevoort Place Corp. purchased the subject premises from defendant 13 Brevoort Place LLC for $1.5 million, as memorialized by a deed dated July 26, 2019 and recorded in the Office of the City Register of Kings County on August 19, 2019 under CRFN 201900026432. Importantly, each of these conveyances occurred before the instant action was commenced on October 14, 2019.

The Proposed Intervenors further allege that on February 2, 2021, during the pendency of this action, Brevoort Place Corp. sold the subject premises to BVT13 LLC for the sum of $525,000.00, which constituted a significant loss. Hence, in addition to intervention, Brevoort Place Corp. and BVT13 LLC seek dismissal based on US Bank's alleged lack of standing, as well as an order vacating the 2016 Modification Agreement on the ground that Rodney no longer owned the subject premises in 2016 and, thus, it could not serve as security for the increased principal he borrowed pursuant to the agreement.

### Discussion

Plaintiff argues, *inter alia*, that the instant motion should be denied because the Proposed Intervenors failed to include a proposed answer with their moving papers. CPLR 1014 provides that "[a] motion to intervene shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought." The Second Department has held that it is reversible error for to grant a motion for leave to intervene where the proposed intervenor failed to submit a proposed pleading, as required by CPLR 1014 (*see MTGLQ Investors, L.P. v Noftell*, 204 AD3d 786, 786 [2d Dept 2022] [holding that "(a) motion seeking leave to intervene, whether pursuant to CPLR 1012 or 1013, shall be accompanied by the proposed intervenor's proposed pleading . . ."]; *Beneficial Homeowner Serv. Corp. v Chambers*, 145 AD3d 750, 752 [2d Dept 2016] [holding that motion for leave to intervene should have been denied because proposed intervenor failed to submit a proposed pleading]).

In response to Plaintiff's argument, the Proposed Intervenors contend that they did not need to submit a proposed answer because CPLR 3211 permits defendants to make a pre-answer

3

[* 3]

motion to dismiss, the primary relief sought on this motion is dismissal of the complaint, and the defenses they seek to raise are clearly set forth in their moving papers. However, it is axiomatic that a non-party cannot obtain affirmative relief, such as dismissal, unless it has been joined or permitted to intervene in the subject action. Moreover, a court has no power to grant leave to intervene where the prospective intervenor fails to submit a proposed pleading as required by CPLR 1014 (*see Landa v Poloncarz*, 215 AD3d 739, 741 [2d Dept 2023]; *New Hope Missionary Baptist Church, Inc. v 466 Lafayette Ltd.*, 169 AD3d 811, 812 [2d Dept 2019]). Therefore, this motion must be denied (*see Matter of Merestead*, 188 AD3d 690, 691-692 [2d Dept 2020] [motion for leave to intervene in proceeding and, thereupon, to dismiss petition pursuant to CPLR 3211(a), denied where the moving papers did not include a proposed pleading]).

It is undisputed that the Proposed Intervenors failed to submit a proposed pleading with their moving papers-in-chief, as required by CPLR 1014; nor did they attempt to cure the defect by submitting a proposed answer with their reply papers. Hence, the instant motion for leave to intervene in this foreclosure action is denied. However, since the Proposed Intervenors made a threshold showing that they potentially have "a real and substantial interest in the outcome of the proceedings" and, therefore, "likely would have been entitled to relief pursuant to CPLR 1012 (a) and 1013," they may renew the motion upon proper papers (*see Landa v Poloncarz*, 215 AD3d at 741-742; *New Hope Missionary Baptist Church, Inc.*, 169 AD3d at 812-813).

Accordingly, the above-referenced motion for, *inter alia*, leave to intervene in this action is **DENIED with leave to renew** upon moving papers in compliance with CPLR 1014.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R,**

**Dated**: September __6__, 2024

_____
**Hon. Cenceria P. Edwards, JSC, CPA**

4

[* 4]