Steward v Brooklyn Pier 1 Residential Owner, LP (2026 NY Slip Op 00933)

Steward v Brooklyn Pier 1 Residential Owner, LP

2026 NY Slip Op 00933

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-07865
 (Index No. 501930/19)

[*1]Levern T. Steward, plaintiff, 
vBrooklyn Pier 1 Residential Owner, LP, et al., defendants third-party plaintiffs-respondents, et al., Construction Realty Safety Group, defendants-respondents, et al.; Gypsum New York Sale Corp., etc., third-party defendant-respondent; Utica Mutual Assurance Company, nonparty-appellant (and another third-party action).

Stonberg, Hickman & Pavloff, LLP, New York, NY (Sherri N. Pavloff of counsel), for nonparty-appellant.
Gallo Vitucci & Klar, LLP, New York, NY (Thomas J. Bracken and Nate Drexler of counsel), for defendants third-party plaintiffs-respondents.
Linton Robinson & Higgins, LLP, New York, NY (Anna Higgins of counsel), for
third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Utica Mutual Assurance Company appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated August 1, 2023. The order denied the motion of nonparty Utica Mutual Assurance Company for leave to intervene in the action.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with one bill of costs payable by the respondents, and the motion of nonparty Utica Mutual Assurance Company for leave to intervene in the action is granted.
The plaintiff was injured when he was hit by a vehicle at a construction site where he was working. In 2019, the plaintiff commenced the instant action for personal injuries against various defendants who owned the property or were involved in the construction project. In 2020, following an arbitration proceeding, the plaintiff was awarded $775,000 in supplementary uninsured/underinsured motorists benefits from nonparty Utica Mutual Assurance Company (hereinafter Utica) based upon coverage from an insurance policy held by his employer. In April 2022, Utica moved for leave to intervene in the action for the purpose of asserting a cause of action for subrogation. The Supreme Court denied the motion. Utica appeals.
Contrary to the contentions of the defendants third-party plaintiffs and Gypsum New [*2]York Sales Corp., Utica's subrogation cause of action was timely under the relation-back doctrine. An action to recover damages for personal injuries is generally subject to a three-year statute of limitations (see CPLR 214[5]; Ruiz v Sanchez, 219 AD3d 1363, 1363). However, the relation-back doctrine, which is codified in CPLR 203(c), permits a party to interpose a claim or cause of action that would otherwise be time-barred. "[A] party may be permitted to intervene and to relate its claim back if the proposed intervenor's claim and that of the original [plaintiff] are based on the same transaction or occurrence. Also, the proposed intervenor and the original [plaintiff] must be so closely related that the original [plaintiff's] claim would have given the [defendant] notice of the proposed intervenor's specific claim so that the imposition of the additional claim would not prejudice the [defendant]" (Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono, 91 NY2d 716, 721 ["we discern no distinction, for relation back purposes, between a proceeding commenced under (CPLR) article 78 and an action"]). Here, Utica's subrogation cause of action is not time-barred, as it merely seeks reimbursement for coverage tendered for the plaintiff's personal injuries. This cause of action arises out of the same occurrence that gave rise to the plaintiff's causes of action and includes the same questions of liability related to the accident. It is, therefore, similar enough to the plaintiff's causes of action that the defendants were thereby placed on notice of the insurer's claim (see McHale v Anthony, 41 AD3d 265, 266).
A person is permitted to intervene in an action as of right when, among other things, "'the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment'" (Phoenix Life Ins. Co. v Jacob P Ilit A, 177 AD3d 1008, 1008, quoting CPLR 1012[a][3]). A person is also permitted to intervene in an action as of right pursuant to CPLR 1012, among other circumstances, "when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (Atlantic Ave. Capital, LLC v 980 Atl. Holdings, LLC, 231 AD3d 692, 694 [internal quotation marks omitted]; see CPLR 1012[a][2]; Wells Fargo Bank, N.A. v Mazzara, 124 AD3d 875, 875). "[T]he court, in its discretion, may permit a person to intervene, among other things, 'when the person's claim or defense and the main action have a common question of law or fact'" (Al-Rowmeim v Alazwear, 233 AD3d 640, 641-642 [internal quotation marks omitted], quoting Matter of Sclafani Petroleum, Inc., 173 AD3d 1042, 1043; see CPLR 1013). "Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance, since intervention should be permitted 'where the intervenor has a real and substantial interest in the outcome of the proceedings'" (Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d 819, 820, quoting Wells Fargo Bank, N.A. v McLean, 70 AD3d 676, 677; see Al-Rowmeim v Alazwear, 233 AD3d at 641-642).
"'In exercising its discretion, the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party'" (Deutsche Bank Natl. Trust Co. v Sharrow, 232 AD3d 767, 769, quoting CPLR 1013; see Wells Fargo Bank, N.A. v Mazzara, 124 AD3d at 876). However, a motion to intervene "shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought" (CPLR 1014; see Matter of Merestead, 188 AD3d 690, 691; Phoenix Life Ins. Co. v Jacob P Ilit A, 177 AD3d at 1008).
Here, under the circumstances of this case, the Supreme Court improvidently exercised its discretion by denying Utica's motion for leave to intervene in the action. As an initial matter, although Utica failed to annex a proposed complaint to its initial motion papers, it ultimately complied with CPLR 1014 by annexing the proposed complaint to its affirmation in reply (see generally id. § 2001; Tenenbaum v Ziv, 231 AD3d 1181, 1182; cf. Landa v Poloncarz, 215 AD3d 739, 741). Further, here, Utica seeks leave to intervene for the purpose of asserting a cause of action for subrogation.
"'Subrogation is the principle by which an insurer, having paid losses of its insured, is placed in the position of its insured so that it may recover from the third party legally responsible for the loss'" (Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc., 3 NY3d 200, 206, quoting Winkelmann v Excelsior Ins. Co., 85 NY2d 577, 581). "Subrogation is an equitable doctrine that allows an insurer to 'stand in the shoes of its insured to seek indemnification from third parties [*3]whose wrongdoing has caused a loss for which the insurer is bound to reimburse'" (Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp., 52 AD3d 821, 822 [internal quotation marks omitted], quoting North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294). "Thus, the insurer can only recover if the insured could have recovered and its claim as subrogee is subject to whatever defenses the third party might have asserted against its insured" (Humbach v Goldstein, 229 AD2d 64, 67 [internal quotation marks omitted]; Federal Ins. Co. v Arthur Andersen & Co., 75 NY2d 366, 372).
Here, Utica's cause of action for subrogation has common questions of law and fact with the plaintiff's causes of action, as Utica concedes that the proposed complaint "mirrors, in all respects, the complaint in the within suit." By intervention, Utica stands in the shoes of the plaintiff. Utica would be bound by the judgment in this case and, without intervention, its interests are not represented. Further, there would be no prejudice to the defendants, as intervention would not cause delay, a need for additional discovery, or motion practice.
Accordingly, as the subrogation cause of action is timely pursuant to the relation-back doctrine, under the circumstances of this case, the Supreme Court should have granted Utica's motion for leave to intervene in the action.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court